UNITED STATES of America, Plaintiff,

v.

**James L. DICKERSON,
et al., Defendants.**

Civ. A. No. 91–128–VAL(WDO).

United States District Court,
M.D. Georgia,
Valdosta Division.

March 9, 1992.

Valerie Ann Lee, Washington, D.C., Michael C. Daniel, Macon, Ga., for plaintiff.

Berrien L. Sutton, Homerville, Ga., Alan M. Wolper, Atlanta, Ga., for defendants.

## ORDER

OWENS, Chief Judge.

Before the court is defendants' motion to dismiss Count One of plaintiff's complaint.

After careful consideration of the arguments of counsel, the relevant case law, and the record as a whole, the court issues the following order.

## FACTS

Plaintiff United States filed this action under the Federal Debt Collection Procedures Act ("FDCPA") (Counts One and Two) and the Georgia Fraudulent Conveyances Act ("GFCA") (Count Three) to void certain allegedly fraudulent transfers made from defendant James L. Dickerson to the other defendants.

Another case between the United States and James L. Dickerson, *United States v. Amtreco,* 90–CV–31–VAL, is currently pending before this court. In the *Amtreco* case, the United States is seeking to recover costs incurred when it conducted a Superfund cleanup of hazardous waste on property owned and operated by James L. Dickerson and Amtreco, Inc. The amount sought by the United States in the *Amtreco* suit is approximately $1,000,000.00.

In the case at bar, the United States is seeking to void certain transfers of interests in real property made by defendant James L. Dickerson to his wife, defendant Lareeta Dickerson, after the *Amtreco* case was filed. Most of these transfers were made through a trust agreement which named Lareeta Dickerson as both trustee and life beneficiary. The other named defendants are beneficiaries of remainder interests in the trust. Defendant James L. Dickerson allegedly received no reasonably equivalent value for these transfers and was rendered insolvent by them. Moreover, plaintiff contends that defendant Dickerson made these transfers with intent to hinder, delay or defraud his creditor, the United States. All of these transfers were made prior to May 19, 1991.

Defendants have filed a motion to dismiss Count One of plaintiff's complaint. They claim that because the transfers occurred prior to May 19, 1991, the effective date of the FDCPA, the United States has no cause of action. Although defendants only seek to dismiss Count One of plaintiff's complaint, the court will assume that defendants' arguments apply to Count Two as well, which is also a claim under the FDCPA.

## DISCUSSION

Congress adopted the Federal Debt Collection Procedures Act on November 29, 1990. This act has an express provision that it has retroactive application:

(a) Except as provided in subsection (b), this Act and the Amendments made by this Act shall take effect 180 days after the date of enactment of this Act.

(b)(1) The amendments made by title I of this Act shall apply with respect to actions pending on the effective date of this Act in any court on—

(A) a claim for a debt; or

(B) a judgment for a debt.

Pub.L. 101–647, Title XXXVI, Subtitle C, § 3631, 104 Stat. 4966.

The term "title I" refers to Chapter 176 of the FDCPA, or 28 U.S.C. §§ 3001–3308. Chapter 176 includes Subchapter D, the provisions governing fraudulent transfer actions. Thus, the FDCPA applies to the case at bar if plaintiff's action is on "a claim for a debt" or a "judgment for a debt" as defined in § 3631.

Defendants argue that because § 3631 only states that the FDCPA applies retroactively to pending actions on "claims" or "judgments", it does not apply to "transfers." However, this is a distorted reading of this provision.

Section 3631 provides that the FDCPA, including the fraudulent transfer subsection, applies retroactively to pending actions on "a claim for a debt." The term "claim" is defined elsewhere in the act as "a right to payment, whether or not the right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured." 28 U.S.C. § 3301(3). Moreover, the term "debt" is defined as "an amount that is owing to the United States on account of . . . recovery of a cost incurred by the United States." 28 U.S.C. § 3002(3)(B).

In the case at bar, plaintiff is attempting to secure payment of its disputed CERCLA recovery claim. Therefore, this action is one on "a claim for a debt," and the FDCPA applies. *See United States v. Gelb*, 783 F.Supp. 748 (E.D.N.Y.1991) (fraudulent conveyance provision of FDCPA applied retroactively to transfers occurring before effective date of FDCPA).

Accordingly, defendants' motion to dismiss is DENIED.

SO ORDERED.