**Victoria L. SELBE, Plaintiff,**

v.

**The UNITED STATES of America, Defendant,**

v.

**Frank G. SELBE III, Cross–Defendant.**

**Civil A. Nos. 92–0411–R, 92–0433–R.**

United States District Court,
W.D. Virginia,
Roanoke Division.

Sept. 6, 1995.

Daniel L. Hodges, Lafayette, LA, pro se.

Lily H. Hodges, Lafayette, LA, pro se.

Victoria L. Selbe, Roanoke, VA, pro se.

Guy M. Harbert, III, Simon Delano Roberts Moore, H. Michael Deneka, Gentry, Locke, Rakes & Moore, Roanoke, VA, for Victoria L. Selbe, Frank G. Selbe, III.

Frank G. Selbe, III, Roanoke, VA, pro se.

Earl Montgomery Tucker, U.S. Attorney's Office, Roanoke, VA, Richard A. Lloret, U.S. Attorney's Office, Abingdon, VA, Margaret M. Earnest, U.S. Department of Justice, Tax Division, Washington, DC, Julie C. Dudley, U.S. Attorney's Office, Roanoke, VA, Robert P. Crouch, Jr., United States Attorney, Roanoke, VA, William K. Rounsborg, Trial Attorney, Margaret M. Earnest, U.S. Department of Justice, Tax Division, Washington, DC, for U.S.

## MEMORANDUM OPINION

This case is before me on plaintiff's and cross-defendant's motions for summary judg-

ment.[1] The parties have briefed the issues contained in these motions and the Court has heard oral argument. The motions are, therefore, ripe for disposition.[2] For the reasons stated below, I will grant both motions on the ground that the government may not continue to levy upon a deed of trust note owned by the plaintiff.

## FACTUAL BACKGROUND

On April 2, 1992 cross-defendant Frank G. Selbe III ("Selbe") was arrested for making a false statement on a federal form. The arrest stemmed from a presentencing questionnaire in a 1991 conviction for tax evasion; Selbe did not reveal in the questionnaire a $300,000.00 note connected with the January, 1991 sale of the marital residence to Daniel L. and Lily R. Hodges. The note was issued to Frank and plaintiff Victoria L. Selbe ("Victoria") jointly; Selbe then indorsed his interest to Victoria. This indorsement was required by the terms of a 1985 prenuptial agreement assigning a portion of the residence sale proceeds to Victoria. I overturned a jury conviction of Selbe, finding that the prenuptial agreement was valid and that Selbe was correct in considering the note to be Victoria's property. Order & Opinion, *United States v. F. Selbe,* Criminal Action No. 92–0061–R (September 23, 1992), *aff'd* No. 92–5717, 1994 WL 284014 (4th Cir. June 27, 1994).

Contemporaneously with his arrest Selbe was subjected by the IRS to two jeopardy assessments for unpaid taxes in tax years 1983 and 1984. The IRS levied on the same note that was the basis for Selbe's criminal prosecution. Selbe complained that the assessments were unreasonable, *F. Selbe v. United States,* Civil Action No. 92–0638–R.

The Hodges filed an interpleader action, *Hodges v. United States et al.,* Civil Action No. 92–0411–R, and paid the value of the note into court. Victoria, as owner of the note, responded with a civil action against the United States for wrongful levy upon the note, *V. Selbe v. United States et al.,* Civil Action No. 92–0433–R. This court consolidated those actions into the instant case, dismissed the Hodges, and directed the United States to file any cross-claims on or before August 10, 1994 and the Selbes to reply before August 31, 1994. Order, Civil Action No. 92–0411–R (Turk, J., August 5, 1994).[3]

The United States filed its cross-claim on August 11. Count I alleged that the U.S. was Selbe's creditor, Selbe its debtor, the residence and its sale proceeds Selbe's assets and the post-sale transfer of the note to Victoria fraudulent as to the debt of the U.S. Count II alleged that Selbe did not receive equivalent value for the residence sale and/or the note transfer and that he was made insolvent, rendering the transfer of the note fraudulent. Count III alleged that the April 2, 1992[4] jeopardy assessments were abated because no statutory notice of deficiency had issued and that they had been resurrected by June 19, 1992 assessments of the same amounts. I did not permit the government to abate the April 2 assessment and reincarnate it in June. Order & Opinion, Civil Action No. 92–0638–R (June 4, 1993). Action proceeds upon the April 2, 1992 assessment alone.

Concurrently, Selbe filed a motion for summary judgment in Civil Action No. 92–0638–R grounded upon the principle of res judicata. Selbe asserted that the determination of a valid prenuptial agreement in his acquittal was dispositive. I agreed, abating the April 2, 1992 assessment and releasing the levy

---

1. The consolidation of an interpleader action with Victoria's action and the presence of the government's cross-claim has apparently created some nominal confusion. Victoria is both plaintiff and cross-claim defendant. Although she is styled defendant in her motion, I will treat her as plaintiff. Selbe filed a motion identical to that of his wife. He is a cross-claim defendant and will be treated as such.

2. Both motions are identical in their content and the government responded in kind. Selbe presented argument ore tenus for both himself and

his wife. I will address both motions as one, using "Selbe," "Victoria" and "the Selbes" interchangeably.

3. Neither party complied with this Order. I have chosen to ignore these violations and dispose of this case on substantive grounds.

4. All parties have at times dated this April 6. Assessment was made on April 2, actual levy on April 6.

upon the Hodges' note. Order & Opinion, Civil Action No. 92–0638–R, (June 9, 1995).

The note proceeds remain in the possession of this Court. At issue here is Victoria's motion for summary judgment in consolidated Nos. 92–0411–R & 92–0433–R, asserting wrongful levy upon the note.

DISCUSSION:

### Standard of Review

■ Summary judgment is appropriate if there is no issue of a material fact and the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Shaw v. Stroud,* 13 F.3d 791, 798 (4th Cir.1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 67, 130 L.Ed.2d 24 (1994). The evidence is to be considered in the light most favorable to the nonmovant. *Id.*

### I.

Before addressing the dispositive issue of summary judgment, I must determine the statutory framework upon which my analysis rests. The government filed its cross-claim under the Federal Debt Collections Procedures Act (FDCPA), which provides the procedural and definitional guidelines for the satisfaction of debts owing to the United States. 28 U.S.C. §§ 3001 *et seq.* Selbe counters that the FDCPA does not apply because there was no action pending against him on May 29, 1991, the effective date of the statute.

■ The FDCPA arose to provide a single process by which the United States could collect debts owing to it, thereby circumventing the 50 distinct state debt collection procedures under which it had formerly been compelled to proceed. Congress enacted the FDCPA on Nov. 29, 1990 with the proviso that it was to take effect 180 days later, on May 29, 1991. The enactment included a provision retroactively applying the FDCPA to "... actions pending ... on a claim for a debt ..." Pub.L. 101–647, Title XXXVI, Subtitle C, § 3631(b)(1)(A). The retroactive application of the FDCPA has been found to be constitutional. *Ford v. United States,* 25 F.3d 1039, 1994 WL 242156 (4th Cir.1994). Selbe has mistakenly construed this provision to exclude the United States' action

against him, because no action had been initiated at the time the FDCPA became effective. The purpose of the retroactivity provision was merely to enable cases pending under the myriad state procedures to be shifted into the single channel provided by the FDCPA. Claims existing on the FDCPA's effective date, even if not yet brought to action, certainly fall under the FDCPA. My inquiry is, therefore, whether the government had a "claim for a debt" against Selbe on May 29, 1991.

■ "Claim" is defined in a subchapter of the FDCPA as "a right to payment, whether or not the right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured." 28 U.S.C. § 3301(3). "Debt" is defined as "an amount that is owing to the United States on account of ... tax ..." *Id.* § 3002(3)(B). The jeopardy assessment issued against Selbe was for tax years 1983 and 1984. Selbe does not dispute his tax liability, nor are the amounts of his liability in dispute here. He does owe a debt to the United States for unpaid taxes. The United States had a right to the payment of those taxes at the close of each tax year. The United States thus had a claim for a debt at the close of both 1983 and 1984, claims which have survived to the present and were certainly pending on May 29, 1991. I conclude that the FDCPA applies to this action. *See U.S. v. Dickerson,* 790 F.Supp. 1583, 1584–85 (M.D.Ga.1992); *U.S. v. Gelb,* 783 F.Supp. 748, 752 (E.D.N.Y.1991).

### II.

■ Relitigation of an issue of law or fact is precluded by the doctrine of collateral estoppel if the parties had a full and fair opportunity to litigate the issue, the issue was actually litigated, and the issue was essential to prior judgment. *Brooks v. Arlington Hospital Ass'n,* 850 F.2d 191, 196 (4th Cir.1988). Issues litigated in a criminal action may have preclusive effect in a subsequent civil suit. *United States v. One 1987 Mercedes Benz 300E,* 820 F.Supp. 248, 253 (E.D.Va.1993). Collateral estoppel does not require mutuality of parties through identity

or privity, and it may be employed offensively to preempt an opponent's argument. *Allen v. McCurry,* 449 U.S. 90, 94–95, 101 S.Ct. 411, 414–15, 66 L.Ed.2d 308 (1980).

■ Count I of the Unites States' cross-claim asserts fraudulent transfer of the note to Victoria, under the FDCPA. 28 U.S.C. § 3304(b). Count II asserts transfer conducted during the debtor's insolvency, in violation of 28 U.S.C. § 3304(a).

The issues of fraudulent transfer and insolvency were raised in the government's unsuccessful opposition to Selbe's motion for summary judgment in Civil Action No. 92–0638–R. I disposed of these issues conclusively by granting Selbe's motion. Opinion, p. 4, full ¶ 1 (June 9, 1995).

The government further contends that my earlier rulings decided the status of ownership only between Selbe and Victoria, and not the debt owed to the United States. A review of my final opinion in Civil Action No. 92–0638–R reveals that the identical argument was asserted in that case and that I rejected it. Opinion, p. 6, ¶ 2 (June 9, 1995).

### III.

■ Moreover, this levy became invalid immediately upon that same ruling, and has not been renewed. The government still relies upon its April 2, 1992, assessments, which was abated, and levy upon the note released, by the June 9, 1995 Order in Civil Action No. 92–0638–R. In the instant case I have already ruled, on June 4, 1993, that the second assessment issued on June 19, 1992 is a nullity.[5] An invalid assessment cannot provide a foundation for adjudication in favor of the government. *Cf. U.S. v. Stonehill,* 702 F.2d 1288, 1293–94 (9th Cir.1983), *cert. denied,* 465 U.S. 1079, 104 S.Ct. 1440, 79 L.Ed.2d 761 (1984). No valid assessment currently exists. The government asserts that Selbe is estopped from denying his debt because of his plea agreement and plea of guilty in his initial criminal tax evasion case. He may be; I determined only that the jeopardy assessment providing the basis for

the cross-claim was unreasonable and therefore invalid. It bears repeating that I have not ruled on the validity of the underlying tax debt. My decision addresses only the ownership of one asset, which cannot be levied upon to satisfy that debt.

### IV.

Were I to find a valid assessment currently outstanding, levy upon this note would still be void. The FDCPA directs attachment of and levy against property of the debtor. 28 U.S.C. § 3102. "Property" includes "... any present or future interest, whether legal or equitable, in real ... property ... wherever located and however held ..." 28 U.S.C. § 3002(12). Further, the property must be "in the possession, custody or control of the debtor" before it may be attached. 28 U.S.C. § 3102.

In Criminal Action No. 92–0061–R I ruled that Victoria had an equitable interest in the residence sale proceeds from 1985 onwards and that Selbe justifiably considered the note to be his wife's property. I specifically held in Civil Action No. 92–0638–R that there is no distinction in the note's ownership status between Selbe and Victoria, or Selbe and the United States, indeed, between Selbe and anyone. I have expressly determined that, as a matter of both law and fact, Selbe does not own the note and that Victoria does own it. That determination was at the heart of my disposition of Civil Action No. 92–0638–R. The United States is now collaterally estopped from relitigating the issue of whose property the note constitutes. It is Selbe who is the government's debtor and Selbe whose property must be subject to the FDCPA. The note is Victoria's property, and as the property of someone other than the debtor, the note is not subject to the FDCPA.

CONCLUSION:

My decision here answers essentially for the fourth time if the United States may proceed against a note belonging to Victoria Selbe for the legitimate debt of her husband

---

5. The allegations contained in Count III of the government's cross-claim ignores my Order and Opinion in Civil Action No. 92–0638–R (June 4, 1993), which nullified the later assessment. The government is estopped from asserting Count III; I need not address it further.

Frank Selbe. As it was in the beginning, is now, and ever shall be, the answer is No.