# UNITED STATES COURT OF APPEALS
## Tenth Circuit
## Byron White United States Courthouse
## 1823 Stout Street
## Denver, Colorado 80294
## (303) 844-3157

Patrick J. Fisher, Jr.                                                    Elisabeth A. Shumaker
Clerk                                                                     Chief Deputy Clerk

September 5, 1996

**TO:** ALL RECIPIENTS OF THE CAPTIONED ORDER AND JUDGMENT

**RE:** 95-2145 USA v. Madrid
August 22, 1996 by The Honorable Deanelle R. Tacha

Please be advised of the following correction to the captioned decision:

The following language was omitted from the Order and Judgement:

Submitted on the briefs.

Please make the appropriate correction to your copy.

Very truly yours,

Patrick Fisher, Clerk

Beth Morris
Deputy Clerk

UNITED STATES OF AMERICA,

       Plaintiff - Appellee,

v.

ENRIQUE MADRID, a/k/a Henry
Madrid,

       Defendant - Appellant.

No. 95-2145
(D. Ct. No. CR-94-633-06-JC)
(D. N. Mex.)

**ORDER AND JUDGMENT**[*]

Before TACHA, REAVLEY[**], and LUCERO, Circuit Judges.

**Submitted on the briefs.**

    Enrique Madrid was indicted for conspiracy to distribute cocaine and

marijuana, conspiracy to launder money, money laundering, and investment of

illicit drug profits.  Prior to trial, Madrid moved to suppress evidence found at his

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]The Honorable Thomas M. Reavley, United States Court of Appeals for the Fifth Circuit, sitting by designation.

home and to dismiss the indictment on double jeopardy grounds. The district court denied both motions. The court granted the motion of the United States to dismiss the conspiracy to distribute cocaine and marijuana count without prejudice. After a jury trial, Madrid was convicted of the three remaining counts.

Madrid raises three issues on appeal. First, he argues that he received ineffective assistance of counsel because his trial counsel failed to raise a double jeopardy claim. Madrid contends that trial counsel could have argued that the government violated the prohibition on double jeopardy by filing a civil forfeiture action against some of Madrid's real property. This argument fails for three reasons. First, ineffective assistance of counsel claims should be brought in collateral proceedings, not on direct appeal. United States v. Galloway, 56 F.3d 1239, 1240 (10th Cir. 1995). An ineffective assistance of counsel claim brought on direct appeal is presumptively dismissible because effective review usually requires that the record be developed in the district court. Id. Second, trial counsel did file a motion to dismiss on double jeopardy grounds, so there is no factual basis for an ineffective assistance of counsel claim. Third, the Supreme Court recently held in United States v. Ursery, 116 S. Ct. 2135, 2142 (1996), that civil forfeiture is not additional penalty for commission of a criminal act, but rather is a separate, remedial sanction. Thus, Madrid had no legal basis for a double jeopardy motion, and consequently no grounds for an ineffective

assistance of counsel claim.

Madrid's second argument is that the district court should have granted his motion to suppress the evidence seized at his home pursuant to the search warrant. He contends that the warrant was overbroad and that the affidavit in support of the warrant lacked particularity. In addition, Madrid argues for the first time on appeal that the magistrate who issued the warrant was not neutral and detached.

We give great deference to the judgment of a magistrate issuing a search warrant. Illinois v. Gates, 462 U.S. 213, 236 (1983). Probable cause exists to issue a warrant if, under all the circumstances, the facts establish at least a fair probability that contraband or evidence of a crime will be found in the place to be searched. Id. at 238. The record in this case indicates that the warrant was supported by ample probable cause. For example, the government submitted an affidavit from an IRS Special Agent that specifically described Madrid's money laundering activities. In addition, the warrant itself was not overbroad. It listed categories of items to be seized, all of which were documentary evidence of drug dealing and money laundering, as specifically as the circumstances permitted. See United States v. Emmons, 24 F.3d 1210, 1216 (10th Cir. 1994). Thus the district court did not err by denying Madrid's suppression motion. Although Madrid also argues that the magistrate who issued the search warrant was not

neutral and detached, we refuse to exercise our discretion to review this issue, which is raised for the first time on appeal.  See United States v. Cox, 83 F.3d 336, 342 (10th Cir. 1996).

Finally, Madrid argues that there was insufficient evidence to support his convictions and that he is thus entitled to a new trial.  When considering sufficiency of the evidence claims, we review the record in the light most favorable to the government in order to determine whether the evidence is such that a reasonable jury could find the defendant guilty beyond a reasonable doubt. United States v. Richardson, 86 F.3d 1537, 1545-46 (10th Cir. 1996).  In this case, the record contains ample evidence supporting Madrid's convictions on all three counts.  The district judge correctly denied Madrid's motion for a new trial based on insufficiency of the evidence.

The decisions of the district court are AFFIRMED.

The mandate shall issue forthwith.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Circuit Judge

- 4 -