**UNITED STATES COURT OF APPEALS**
**Tenth Circuit**
**Byron White United States Courthouse**
**1823 Stout Street**
**Denver, Colorado 80294**
**(303) 844-3157**

Patrick J.  Fisher, Jr.                                      Elisabeth A. Shumaker
Clerk                                                        Chief Deputy Clerk

September 30, 1996

**TO:** All recipients of the captioned order and judgment

**RE:** 96-6056  U.S. v. Massey
September 20, 1996

Please be advised of the following correction to the captioned decision:

Due to technical difficulties, the last two lines of text on page one repeated on the first two lines of page two.  Please make the appropriate correction.

Very truly yours,

Patrick Fisher, Clerk

Susan Tidwell
Deputy Clerk

# UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

VON D. MASSEY, SR.,

Defendant - Appellant.

No. 96-6056

W.D. Oklahoma

(D.C. No. CIV-95-1484-A)

## ORDER AND JUDGMENT[*]

Before **ANDERSON**, **BARRETT**, and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34 (a); 10th Cir. R. 34.1.9. This cause is therefore ordered submitted without oral argument.

Von Dale Massey appeals the district court's denial of his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Mr. Massey was convicted of

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

one count of conspiracy to defraud, eight counts of mail fraud, and one count of money laundering. The district court sentenced him to serve fifty-seven months concurrently on all counts. He appealed his conviction and sentence on a number of bases, all of which were rejected by this court in United States v. Massey, 48 F.3d 1560 (10th Cir.), cert. denied, ___ U.S. ___, 115 S.Ct. 2628 (1995). Mr. Massey then filed this section 2255 motion contending that: (1) the sentence enhancement for perjury pursuant to U.S.S.G. § 3C1.1 is invalid because the court failed to make specific findings regarding what testimony was false, whether the false testimony was material, and whether Mr. Massey acted willfully; and (2) the offense level for fraud adjusted upward pursuant to U.S.S.G. § 2F1.1 is improper because the court made an inaccurate loss calculation which resulted in disparate sentencing between Mr. Massey and his codefendant. We deny the application for a certificate of appealability and dismiss the appeal.

As for Mr. Massey's disparate sentencing argument, this argument was made on his direct appeal and decided adversely to him. Massey, 48 F.3d at 1571. Accordingly, Mr. Massey may not raise this issue again under section 2255. United States v. Warner, 23 F.3d 287, 291 (10th Cir. 1994); United States v. Allen, 16 F.3d 377, 378 (10th Cir. 1994) (citations omitted). Mr. Massey's remaining claims would be procedurally barred for failure to raise them on direct appeal, see United States v. Cox , 83 F.3d 336, 341 (10th Cir. 1996), but for his allegation in his section 2255 motion that he did not assert them on direct appeal due to the ineffective assistance of appellate counsel. See United

States v. Galloway , 56 F.3d 1239, 1241 (10th Cir. 1995).  We, therefore, reach the merits

of his ineffective assistance of counsel claim.

To establish ineffective assistance of counsel, a petitioner must show that

counsel's performance fell below an objective standard of reasonableness and that

counsel's inadequate performance was prejudicial.  Strickland v. Washington , 466 U.S.

668, 687, 691 (1984); United States v. Cook, 49 F.3d 663, 665 (10th Cir. 1995).  If we

conclude that Mr. Massey has failed to prove prejudice, then we need not review

appellate counsel's performance.  See id. at 697; United States v. Haddock, 12 F.3d 950,

955 (10th Cir. 1993).  In order to prove prejudice, a petitioner must show that "there is a

reasonable probability that, but for counsel's unprofessional errors, the result of the

proceeding would have been different."  See id. at 694.  "A reasonable probability is a

probability sufficient to undermine confidence in the outcome."  Id. at 694.

After carefully reviewing the record in this case, we conclude that there is not a

reasonable probability that Mr. Massey's sentence would have been different and our

confidence in his sentence is not undermined.[1]  Therefore, Mr. Massey has failed to make

a showing of prejudice to support his ineffective assistance of counsel claim.

We conclude that Mr. Massey has failed to make  "a substantial showing of the

denial of a constitutional right."  Antiterrorist and Effective Death Penalty Act of 1996,

---

[1]  Indeed, in addressing this section 2255 motion the district court, in making even
clearer what it considered obvious before as to Mr. Massey's perjury, stated that
"resentencing would be fatuous," i.e. the result would be the same.

Pub. L. No. 104-132, tit.1, § 102, § 103, 110 Stat. 1214 (1996) (to be codified at 28 U.S.C. § 2253(c)(1)(A), Fed. R. App. P. 22(b)). Accordingly, we DENY the application for a certificate of appealability and DISMISS the appeal.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge

-4-