F I L E D
**United States Court of Appeals
Tenth Circuit**

**SEP 18 1997**

**PATRICK FISHER**
Clerk

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

OTTO PACE,

Defendant-Appellant.

No. 96-7093
(D.C. No. 95-CV-157-S)
(E.D. Okla.)

---

ORDER AND JUDGMENT*

---

Before ANDERSON, BARRETT, and MURPHY, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Defendant appeals from the district court's denial of his motion, pursuant to 28 U.S.C. § 2255, to vacate, set aside, or correct his sentence.[1] Defendant was convicted of conspiracy in violation of 21 U.S.C. § 846 with two objects: to possess with intent to distribute methamphetamine/amphetamine and/or conspiracy to attempt to manufacture methamphetamine; and possession with intent to distribute methamphetamine/amphetamine, in violation of 21 U.S.C. § 841(a)(1). Defendant was also convicted of violating 18 U.S.C. § 1952. This court affirmed the convictions on appeal, but remanded for resentencing. After resentencing, defendant again appealed, and this court affirmed.

In this § 2255 motion, defendant raises several instances in which he alleges that he received ineffective assistance of counsel. We review defendant's claims of ineffective assistance of counsel in this § 2255 motion de novo, see United States v. Cox, 83 F.3d 336, 340 (10th Cir. 1996), and we affirm.

The sentencing court applied United States Sentencing Guideline (U.S.S.G.) § 2D1.1 in sentencing defendant. Defendant argues that the court

---

[1] Defendant filed his original motion pursuant to § 2255 on April 4, 1995, prior to the effective date of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214, April 24, 1996. In Lindh v. Murphy, 117 S. Ct. 2059 (1997), the Supreme Court recently held that the Act's amendments to Chapter 153 of Title 28, including the amendments to 28 U.S.C. §§ 2253-2255, did not apply to noncapital cases pending on the effective date. Therefore, defendant's application for a certificate of appealability pursuant to the amended § 2253 is dismissed.

should have applied U.S.S.G. § 2D1.11, and that his attorney's failure to make this argument rendered his assistance ineffective.[2]  To prevail on a claim that his attorney was ineffective for failing to raise these issues, defendant must show both that his attorney's performance fell below an objective standard of reasonableness and that the deficient performance was prejudicial.  See United States v. Cook, 45 F.3d 388, 392 (10th Cir. 1995).  Defendant cannot show either deficient performance or prejudice because the trial court applied the correct guideline in sentencing defendant.  Section 2D1.11 applies when a defendant is charged with violation of 21 U.S.C. § 841(d); the indictment delivered against defendant did not charge him under that section.  Defendant was indicted for violation of 21 U.S.C. § 841(a), and the guideline appropriate to that section is § 2D1.1, the very guideline applied by the trial court.  See United States v. Myers, 993 F.2d 713, 716 (9th Cir. 1993).  Defendant's attorney was not deficient in failing to argue application of U.S.S.G. § 2D1.11.

Next, defendant complains that his counsel was ineffective for failing to request a jury charge for what he terms "the lesser included offense" of

---

[2]     The government argues that this, and defendant's other arguments in this § 2255 appeal, are procedurally barred because defendant did not raise them on direct appeal.  The government fails, however, to acknowledge that defendant's allegations of error are couched in terms of ineffective assistance of counsel, which this court has held is preferably raised in collateral proceedings.  See United States v. Galloway, 56 F.3d 1239, 1242-43 (10th Cir. 1995).

possession of listed chemicals with intent to manufacture a controlled substance, in violation of 21 U.S.C. § 841(d). Defendant cites no authority for his theory that § 841(d) is a lesser included offense of § 841(a). It is clear that § 841(d) requires proof of an element that § 841(a) does not: possession of a listed chemical. See Schmuck v. United States, 489 U.S. 705, 716 (1989) (holding that where lesser offense requires an element not required for greater offense, no lesser included offense instruction is required). Defendant was indicted for conspiracy to violate § 841(a)(1), and the jury charge accurately reflects the law in that regard. Defendant's attorney was not constitutionally ineffective for failing to object to the jury charge.

Defendant also argues that his attorney was ineffective for failing to object to the government's lack of proof regarding the distinction between d-methamphetamine and l-methamphetamine. On direct appeal, this court held that the case would be remanded for resentencing using offense levels relevant to amphetamine, which has a lower base offense level than methamphetamine. Because defendant was not sentenced using the higher offense levels relating to methamphetamine, there can be no prejudice resulting from his attorney's failure to argue that the government failed to prove possession and attempt to manufacture d-methamphetamine, as opposed to l-methamphetamine.

Defendant's counsel was not ineffective for failing to object to the jury charge on conspiracy or the verdict forms. The conspiracy charge and the relating charges with regard to the objects of the conspiracy were adequately set forth. We find neither deficient performance nor prejudice in this regard.

Finally, defendant argues that he was denied due process because the court received perjured testimony at trial. We do not reach this argument because defendant shows neither cause for failing to present this issue on direct appeal, nor prejudice resulting from the error. See Cook, 45 F.3d at 392.[3]

The judgment of the United States District Court for the Eastern District of Oklahoma is AFFIRMED.

Entered for the Court


James E. Barrett
Senior Circuit Judge

---

[3] We note that defendant did raise an issue on direct appeal regarding the credibility of Jarvis Wells, in which this court found no merit. It appears, however, that the credibility issue raised in this § 2255 appeal involves different specifics and individuals than the issue addressed on direct appeal.