**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 18 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

TRAVIS D. LEONARD,

Defendant-Appellant.

No. 96-7096
(D.C. No. 95-CV-538-S)
(E.D. Okla.)

---

ORDER AND JUDGMENT[*]

---

Before ANDERSON, BARRETT, and MURPHY, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Defendant appeals from the district court's denial of his motion, pursuant to 28 U.S.C. § 2255, to vacate, set aside, or correct his sentence.[1]  Defendant was convicted of conspiracy, in violation of 21 U.S.C. § 846, with two objects:  to possess with intent to distribute methamphetamine/amphetamine and/or attempt to manufacture methamphetamine; and possession with intent to distribute methamphetamine/amphetamine, in violation of 21 U.S.C. § 841(a)(1).  This court affirmed the conviction on appeal, but remanded for resentencing.  After remand, defendant again appealed, and this court affirmed.

In this § 2255 motion, defendant raises several instances in which he alleges that he received ineffective assistance of counsel.  First, he argues that his counsel was ineffective for failing to challenge the sentencing guideline that the trial court applied in sentencing defendant.  Next, defendant maintains that his attorney was ineffective because of his failure to request a charge on a lesser included offense.  Finally, defendant argues ineffectiveness in his attorney's failure to argue that the record contains insufficient evidence of "any amount of

---

[1]      Defendant filed his original motion pursuant to § 2255 on November 9, 1995, prior to the effective date of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214, April 24, 1996.  In Lindh v. Murphy, 117 S. Ct. 2059 (1997), the Supreme Court recently held that the Act's amendments to Chapter 153 of Title 28, including the amendments to 28 U.S.C. §§ 2253-2255, did not apply to noncapital cases pending on the effective date.  Therefore, defendant's application for a certificate of appealability pursuant to the amended § 2253 is dismissed.

amphetamine which could be produced by the laboratory which was being assembled pursuant to the conspiracy," Appellant's Br. at 21. We review defendant's claims of ineffective assistance of counsel in this § 2255 motion de novo, see United States v. Cox, 83 F.3d 336, 340 (10th Cir. 1996), and we affirm.

The sentencing court applied United States Sentencing Guideline (U.S.S.G.) § 2D1.1 in sentencing defendant. Defendant argues that the court should have applied U.S.S.G. § 2D1.11, and that his attorney's failure to make this argument rendered his assistance ineffective.[2] To prevail on a claim that his attorney was ineffective for failing to raise these issues, defendant must show both that his attorney's performance fell below an objective standard of reasonableness and that the deficient performance was prejudicial. See United States v. Cook, 45 F.3d 388, 392 (10th Cir. 1995). Defendant cannot show either deficient performance or prejudice because the trial court applied the correct guideline in sentencing defendant. Section 2D1.11 applies when a defendant is charged with violation of 21 U.S.C. § 841(d); the indictment delivered against defendant did not charge him under that section. Defendant was indicted for

---

[2]     The government argues that this, and defendant's other arguments in this § 2255 appeal, are procedurally barred because defendant did not raise them on direct appeal. The government fails, however, to acknowledge that defendant's allegations of error are couched in terms of ineffective assistance of counsel, which this court has held is preferably raised in collateral proceedings. See United States v. Galloway, 56 F.3d 1239, 1242-43 (10th Cir. 1995).

violation of 21 U.S.C. § 841(a), and the guideline appropriate to that section is § 2D1.1, the very guideline applied by the trial court. See United States v. Myers, 993 F.2d 713, 716 (9th Cir. 1993). Defendant's attorney was not deficient in failing to argue application of U.S.S.G. § 2D1.11.

Next, defendant complains that his counsel was ineffective for failing to request a jury charge for what he terms "the lesser included offense" of possession of listed chemicals with intent to manufacture a controlled substance, in violation of 21 U.S.C. § 841(d). Defendant cites no authority for his theory that § 841(d) is a lesser included offense of § 841(a). It is clear that § 841(d) requires proof of an element that § 841(a) does not: possession of a listed chemical. See Schmuck v. United States, 489 U.S. 705, 716 (1989) (holding that where lesser offense requires an element not required for greater offense, no lesser included offense instruction is required). Defendant was indicted for conspiracy to violate § 841(a)(1), and the jury charge accurately reflects the law in that regard. Defendant's attorney was not constitutionally ineffective for failing to object to the jury charge.

Finally, defendant argues that his attorney's failure to argue against the sufficiency of the evidence for amphetamine production fell below an objective standard of reasonableness. We do not reach this issue because the trial transcript is not part of the record before us, and, without the trial record, we are unable to

review the evidence to determine if defendant's attorney was ineffective for failing to raise the issue. In addition, we have nothing before us to indicate what amount of amphetamine and calculations were used to resentence defendant.

The judgment of the United States District Court for the Eastern District of Oklahoma is AFFIRMED.

Entered for the Court


James E. Barrett
Senior Circuit Judge