F I L E D
United States Court of Appeals
Tenth Circuit

MAR 25 1998

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

EDGAR BUEZO,

    Defendant - Appellant.

Nos. 97-2248
97-2312
97-2338

(D.C. No. CIV-96-651)

(D. N.M.)

**ORDER AND JUDGMENT**[*]

Before **ANDERSON**, **McKAY**, and **LUCERO**, Circuit Judges.

    After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of these appeals. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cases are therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Defendant, Mr. Edgar Buezo, was convicted of conspiracy to distribute cocaine, in violation of 21 U.S.C. § 846; possession of cocaine with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 18 U.S.C. § 2; and the carrying or use of a firearm in the commission of a drug offense, in violation of 18 U.S.C. § 924(c)(1). See R., Vol. I, Doc. 4 at 2. Defendant's convictions were affirmed on direct appeal. See United States v. Martinez, 979 F.2d 1424 (10th Cir. 1992), cert. denied, 507 U.S. 1022, and cert. denied sub nom. Rodriguez v. United States, 509 U.S. 913 (1993). Defendant subsequently filed a 28 U.S.C. § 2255 motion, contending that his conviction and sentence are invalid in light of Bailey v. United States, 516 U.S. 137 (1995), decided after Defendant's conviction was affirmed. See R., Vol. I, Doc. 1 at 4; Doc. 16 at 4-6. The district court appointed counsel to represent Defendant during his section 2255 action. See id., Docs. 7-9. Defendant's section 2255 motion was denied, see id., Docs. 17, 18, and the district court denied Defendant a certificate of appealability.

Defendant appeals the district court's denial of relief under section 2255. Defendant also appeals an order of the district court denying his motion to reconsider the section 2255 motion. Additionally, Defendant appeals an order of

the district court allowing his court-appointed counsel to withdraw from his case after his section 2255 motion was denied.[1]

In reviewing the denial of a § 2255 motion, we review the district court's legal determinations *de novo* and its findings of fact for clear error.  See United States v. Cox, 83 F.3d 336, 338 (10th Cir. 1996).  Defendant contends that his conviction under the "use" prong of section 924(c)(1) must be vacated, arguing that his conviction is invalid given the Supreme Court's subsequent interpretation of that term in Bailey.  See R., Vol. I, Doc. 1 at 4; Doc. 16 at 4-6.  The grant of a certificate of appealability requires "a substantial showing of the denial of  a constitutional right."  28 U.S.C. § 2253(c)(2).  A certificate of appealability should be granted only if the issues raised are debatable among jurists of reason, if a court could resolve the issues differently, or if the questions presented are deserving of further proceedings.  Cf. Lennox v. Evans, 87 F.3d 431, 434 (10th Cir. 1996) (holding that the standard for granting a certificate of appealability is the same standard established by the Supreme Court in Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983), for granting a certificate of probable cause), cert. denied, ___ U.S. ___, 117 S. Ct. 746, overruled in part on other grounds by Lindh v. Murphy, ___ U.S. ___, 117 S. Ct. 2059 (1997).

---

[1] The Tenth Circuit Court of Appeals Clerk's Office consolidated appeal numbers 97-2248 and 97-2312 on October 24, 1997.

We conclude that Defendant has failed to make a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), for the same reasons set forth in the district court's Memorandum Opinion and Order of May 30, 1997. Accordingly, we DENY Petitioner's application for a certificate of appealability and DISMISS the appeal.[2]

Entered for the Court

Monroe G. McKay
Circuit Judge

---

[2] Additionally, because the district court determined that Defendant's section 2255 motion was unsupportable, the district court did not abuse its discretion when it allowed counsel to withdraw.