F I L E D
United States Court of Appeals
Tenth Circuit

**DEC 22 1998**

**PATRICK FISHER**
Clerk

**UNITED STATES COURT OF APPEALS
TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE A. GARCIA,

Defendant-Appellant.

Nos. 98-5086, 98-5131

(D.C. 94-CR-27-5-B
& 97-CV-162-B)
(Northern District of Oklahoma)

**ORDER AND JUDGMENT**[*]

Before **PORFILIO**, **KELLY**, and **HENRY**, Circuit Judges.

Jose A. Garcia, a federal prisoner proceeding pro se, seeks to appeal the district court's order denying his motion to set aside, vacate, or modify sentence, filed pursuant to 28 U.S.C. § 2255. Because Mr. Garcia has failed to make a substantial showing of the denial of a constitutional right, we deny his request for a certificate of appealability and dismiss this appeal.[1]

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[1]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

## I.  BACKGROUND

The facts surrounding this case are set forth in detail in our prior opinion, see United States v. Garcia, 78 F.3d 1457, 1460-62 (10th Cir. 1996), and we summarize them briefly here.  In June 1994, a grand jury returned an indictment charging Mr. Garcia  with conspiracy to distribute cocaine and marijuana and with the distribution of cocaine.  The government and Mr. Garcia entered into a plea agreement under which the government agreed to dismiss the conspiracy count in exchange for Mr. Garcia's plea of guilty on the substantive count charging the distribution of cocaine.  The plea agreement provided that the sentence to be imposed would "remain in the total discretion of the trial court judge" and that Mr. Garcia would face a maximum sentence on the distribution count of twenty years' imprisonment, up to a one million dollar fine, at least three years' supervised release, and a $50.00 special assessment.  See Garcia, 78 F.3d at 1460.

Prior to sentencing, the government and Mr. Garcia agreed that the quantity of drugs that would be used in calculating the base offense level on the distribution charge would be approximately 100 grams and would not exceed 500 grams.  Mr. Garcia admitted that he had delivered 1 ½ ounces of cocaine to Doug McGowan, a convicted drug offender operating as a government informant.  The district court accepted Mr. Garcia's plea of guilty to the distribution count but reserved its determination of whether the plea agreement adequately reflected the seriousness of the offense.

During the presence investigation, Mr. McGowan and Amy Stickman, another government informant, told the probation officer that Mr. Garcia had delivered much more cocaine to them that he had admitted during the plea proceedings. They also stated that Mr. Garcia had directed them in drug activity and had possessed a firearm in connection with his drug business. Based on these statements, the probation officer concluded that Mr. Garcia had committed a Class B felony offense for which the sentencing range was between five and forty years.

Both the government and Mr. Garcia objected to the drug quantity determinations in the presence report. The district court then held a hearing at which both government informants testified. The informants' testimony was consistent with their statements to the probation officer about Mr. Garcia's drug activities.

The district court found the informants credible. It concluded that Mr. Garcia was involved in distributing 499 grams of cocaine and sentenced him to seventy-two months' imprisonment, three years' supervised release, and a $2,000 fine. This court affirmed Mr. Garcia's sentence on direct appeal. See Garcia, 78 F.3d at 1462-1469.

Mr. Garcia then filed the instant § 2255 motion, advancing the following arguments: (1) that his sentence violated his right to equal protection; (2) that the government breached the plea agreement by allowing the court to sentence him to a period of imprisonment greater than twelve to eighteen months; (3) that the district court erred in applying the Sentencing Guidelines by increasing the offense level on the basis of

3

his leadership role and because of his possession of a firearm during a drug transaction; (4) that the district court erred in relying on parts of the presentence report that were not supported by any evidence; (5) that the court violated Fed. R. Crim. P. 32; and (6) that he received ineffective assistance of counsel in violation of the Sixth Amendment.

The district court rejected each of these arguments. It found that Mr. Garcia's ineffective assistance of counsel claim was without merit and that his other arguments were barred either because they could have been raised by Mr. Garcia on direct appeal or because they had actually been raised and decided in the direct appeal. The court then denied Mr. Garcia's application for a certificate of appealability.

## II. DISCUSSION

In his appellate brief, Mr. Garcia advances the following arguments: (1) that he received ineffective assistance of counsel because his attorney did not realize that the court might impose a sentence longer than contemplated by the plea agreement and because his attorney failed to challenge the evidence relied on by the court in imposing the sentence; (2) that the district court based its sentencing decision on unreliable evidence; (3) that certain government witnesses were improperly offered matters of value in exchange for their testimony; and (4) that the prosecution failed to disclose exculpatory evidence. We agree with the district court that Mr. Garcia has failed to make a substantial showing of the denial of a constitutional right as to any of these claims.

4

With regard to Mr. Garcia's ineffective assistance of counsel claim, we note that Mr. Garcia must establish that his counsel's performance was deficient and that the deficient performance was prejudicial. Strickland v. Washington, 466 U.S. 668, 687 (1984). Under that standard, we discern no error in the district court's analysis.

In particular, although the district court determined at sentencing that Mr. Garcia should be held responsible for a greater amount of drugs than initially contemplated by the government and Mr. Garcia's attorney, the court's ruling does not support Mr. Garcia's allegation that his attorney was deficient. As we noted in the direct appeal, "the determination of a convicted offender's sentence is a matter within the discretion of the sentencing judge." Garcia, 78 F.3d at 1462. As a result, "[t]he district court may decline to follow a sentence recommendation when it finds the stipulated facts do not accurately reflect all relevant conduct bearing upon the guideline range." Id. Here, after conducting a hearing, assessing the credibility of the government informants, and considering objections from Mr. Garcia's attorney, the district court made such a finding, concluding that the stipulated facts did not accurately reflect Mr. Garcia's conduct. Because the court acted within its discretion in making its sentencing findings and because Mr. Garcia has failed to explain what arguments or objections would have produced a different result, we conclude that Mr. Garcia has failed to make a substantial showing of a denial of his Sixth Amendment right to effective assistance of counsel.

As to Mr. Garcia's second argument on appeal–that the district court relied on

5

unreliable evidence at sentencing–we note that a § 2255 motion "is not available to test the legality of a matter which should have been raised on direct appeal." United States v. Cox, 83 F.3d 336, 341 (10th Cir. 1996). Exceptions to this general rule exist if a defendant demonstrates either (1) cause excusing the failure to raise the matter and prejudice resulting from that failure or (2) a fundamental miscarriage of justice that would result if the claim is not considered. See id. There is no indication that these exceptions are applicable here. Moreover, several of Mr. Garcia's arguments concerning the reliability of evidence were raised and rejected on direct appeal. See Garcia, 78 F.3d at 1466-1467 (rejecting Mr. Garcia's argument that the testimony of the government informants was not sufficiently reliable). These arguments may not be raised again in a § 2255 proceeding. See United States v. Warner, 23 F.3d 287, 291 (10th Cir. 1994) (refusing to consider arguments raised in a § 2255 proceeding that had been previously raised on direct appeal).

As to Mr. Garcia's contention that witnesses were offered something of value in exchange for their testimony, we note that this argument was not raised in the proceedings below. Accordingly, we need not consider it. See United States v. Allen, 16 F.3d 377, 379 (10th Cir. 1994). Additionally, Mr. Garcia has failed to explain why this allegation could not have been raised in the initial sentencing proceedings and in the direct appeal. Moreover, his allegations are conclusory, and do not specifically identify the witnesses involved or the items of value that were purportedly offered to them.

Finally, as to Mr. Garcia's argument that the prosecution failed to disclose exculpatory evidence, we note similar deficiencies. This argument was not raised below, Mr. Garcia has provided no explanation as to why it could not have been raised on direct appeal, and he has not identified the allegedly exculpatory evidence with any specificity.

### III.  CONCLUSION

Accordingly, for the reasons set forth above, we deny Mr. Garcia's application for a certificate of appealability and dismiss this appeal.

Entered for the Court,

Robert H. Henry
Circuit Judge