PUBLISH

UNITED STATES COURT OF APPEALS

**Filed 5/3/96**

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

        Plaintiff-Appellee,

v.

        No. 95-1108

RICHARD BRUCE COX,

        Defendant-Appellant.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
(D.C. Nos. 94-Z-2765 and 88-CR-270)

---

Submitted on the briefs:

Henry L. Solano, United States Attorney, John M. Hutchins, Assistant United States Attorney, Mountain States Drug Task Force, Denver, Colorado, for Plaintiff-Appellee.

Richard Bruce Cox, pro se.

---

Before BRORBY and BARRETT, Circuit Judges, and BRIMMER,[*] District Judge.

---

BRORBY, Circuit Judge.

---

[*]    Honorable Clarence A. Brimmer, District Judge, United States District Court for the District of Wyoming, sitting by designation.

Defendant appeals from the district court's denial of his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. In denying relief, the district court determined that all issues either were raised and ruled on at trial or on direct appeal or that defendant failed to demonstrate cause for failing to raise the issues at trial or on direct appeal. On appeal, defendant argues that the district court erred in denying § 2255 relief because (1) his sentence was invalid since prior convictions used to enhance his sentence were subsequently vacated, set aside, expunged, or dismissed; (2) his trial counsel was ineffective for failing to investigate, interview and call witnesses and present a defense of duress and coercion; (3) he presented a valid double jeopardy claim; (4) counsel's cumulative errors denied him the right to a fair and impartial trial in violation of his due process rights; and (5) his sentence was improperly enhanced under U.S.S.G. § 3B1.1(a). Also, defendant argues, based on recent Supreme Court authority, Bailey v. United States, 116 S. Ct. 501 (1995), that his firearm conviction pursuant to 18 U.S.C. § 924(c)(1) was improper because he did not actively use firearms. Reviewing the district court's legal rulings de novo and its findings of fact under a clearly erroneous standard, United States v. Kissick, 69 F.3d 1048, 1051 (10th Cir. 1995), we remand to the district court to reopen defendant's sentence for further proceedings and affirm in all other respects.[1]

---

[1]    After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

(continued...)

First, defendant argues that since his direct criminal appeal, <u>United States v. Cox</u>, 934 F.2d 1114 (10th Cir. 1991), he has successfully attacked several prior convictions used to calculate his criminal history category and therefore the district court should have granted § 2255 relief and resentenced him without using these prior convictions. Defendant provides evidence that (1) a Douglas County, Colorado conviction for attempting to possess cocaine, increasing his criminal history score by three points, was dismissed with prejudice; (2) a Boulder County, Colorado misdemeanor menacing conviction, increasing his criminal history score by one point, was expunged; (3) an Eagle County, Colorado deferred judgment for unlawful use of a controlled substance, increasing his criminal history score by one point, was dismissed, sealed and expunged; and (4) a Santa Cruz County, California conviction for transporting and selling controlled substances, increasing his criminal history score by two points, was expunged. Defendant maintains that resentencing without the prior convictions would result in a lower criminal history category than the one under which he was sentenced.[2]

---

[1](...continued)

[2] With an offense level of thirty and nine criminal history points, consisting of the seven set forth above along with two points for a deferred judgment sentence, defendant was placed in criminal history category IV with a sentencing range of 135-168 months. U.S.S.G. Ch. 5, Pt. A. He was sentenced to 168 months' imprisonment plus a mandatory, consecutive sixty months for the § 924(c)(1) conviction. On direct appeal, this court determined that the district court erred in assigning two criminal history points for the deferred sentence. <u>Cox</u>, 934 F.2d at 1125. Because defendant's corrected criminal history score of seven still fell within criminal history category IV, this court did not remand for resentencing. <u>Id.</u> Without

(continued...)

3

We conclude the district court should have reopened defendant's sentence. If a defendant successfully attacks state sentences, he may then apply for reopening of any federal sentence enhanced by the state sentences. Custis v. United States, 114 S. Ct. 1732, 1739 (1994)(enhancement under 18 U.S.C. § 924(e); dicta); see also United States v. Nichols, 30 F.3d 35, 36 (5th Cir. 1994)(government conceded in light of Custis that defendant was entitled to bring § 2255 action attacking enhanced federal sentence after having state conviction invalidated and should get benefit of subsequent overturning of previous state conviction); United States v. Payne, 894 F. Supp. 534, 539-40 (D. Mass. 1995). This court has recognized the availability of sentence review upon the invalidation of a predicate offense. See United States v. Garcia, 42 F.3d 573, 581-82 (10th Cir. 1994); United States v. Allen, 24 F.3d 1180, 1187 (10th Cir.), cert. denied, 115 S. Ct. 493 (1994).

Although defendant's sentence was correct at the time of sentencing, subsequent events suggest that a different sentence now may be appropriate. Because there may be a change in defendant's criminal history category after his sentencing and direct appeal, the district court should have reopened defendant's sentence.

In reopening defendant's sentence, the district court must determine the basis for the expungement or dismissal of the prior offenses and whether they may be included in

---

[2](...continued)
the prior convictions, however, defendant would have no criminal history points and would be in category I with a sentencing range of 121-151 months. U.S.S.G. Ch. 5, Pt. A.

calculating defendant's criminal history score.[3]   Under the Guidelines, an expunged

conviction may not be included in a defendant's criminal history calculation.  U.S.S.G.

§ 4A1.2(j).  Convictions reversed or vacated for reasons related to constitutional invalidity,

innocence, or errors of law are expunged for purposes of the Guidelines and therefore cannot

be included in criminal history calculations.  U.S.S.G. § 4A1.2(j), Commentary, Application

note 6; see United States v. Ashburn, 20 F.3d 1336, 1343 (5th Cir.), reinstated in relevant

part on reh'g en banc, 38 F.3d 803 (5th Cir. 1994), cert. denied, 115 S. Ct. 1969 (1995).

When convictions are set aside for reasons other than innocence or errors of law, such as to

restore civil rights or remove the stigma of a criminal conviction, those convictions are

counted for criminal history purposes.  U.S.S.G. § 4A1.2, Commentary, Application note 10.

Since expunged convictions are not counted in calculating criminal history, the district court

must determine whether defendant's state convictions were expunged or treated as expunged

under state law.  See United States v. Johnson, 941 F.2d 1102, 1111 (10th Cir. 1991); see

also United States v. Wacker, 72 F.3d 1453, 1479 (10th Cir. 1995)(noting distinction under

Guidelines for convictions that are set aside and those that are expunged).

Just as the Supreme Court expressed "no opinion on the appropriate disposition of . . .

an application" to reopen, Custis, 114 S. Ct. at 1739, we also express no opinion on an

appropriate sentence after reopening.  After giving proper credit for any expunged

---

[3]      From the papers defendant provides for us, we cannot determine the basis for the expungements or dismissals.

convictions, it is still within the discretion of the district court to impose a sentence reflecting the seriousness of defendant's past criminal conduct.  See U.S.S.G. § 4A1.3 (permitting upward departure when criminal history "does not adequately reflect the seriousness of [] past criminal conduct"); Garcia, 42 F.3d at 578; see also United States v. Jackson, 921 F.2d 985, 991 (10th Cir. 1990)("A district court has considerable discretion in appraising a defendant's criminal history."); U.S.S.G. § 4A1.2(j) (although sentences for expunged convictions are not counted when calculating criminal history, they may be considered under § 4A1.3); U.S.S.G. § 4A1.2, Commentary, Application note 6 (criminal conduct not counted in criminal history score may be considered pursuant to § 4A1.3).

We reject plaintiff's argument that this court's affirmance of defendant's criminal history category on direct appeal precludes the use of § 2255 to correct defendant's sentence. With the exception of the California conviction, defendant alleged on direct appeal that the offenses should not be counted for reasons other than expungement.  See Cox, 934 F.2d at 1123-25.  This court's affirmance of the sentence on direct appeal does not preclude later use of § 2255 to reopen and correct a sentence  based in part upon invalid state convictions. Custis does not foreclose reopening a sentence that has been affirmed on direct criminal appeal.  See also Nichols v. United States, 114 S. Ct. 1921, 1937 (1994)(Ginsberg, J., dissenting)(Custis presented forum question of where, not whether, defendant could attack prior conviction for constitutional infirmity).  Likewise, this court's ruling on direct appeal that because defendant's evidence indicated the California conviction was not expunged until

6

after sentencing it was a prior conviction, Cox, 934 F.2d at 1124, is not inconsistent with Custis' indication that a defendant may later move to reopen his sentence.

Defendant further argues that his attorney was ineffective for failing to investigate the validity of his prior convictions at the time of sentencing. Although defendant raised an ineffective assistance of counsel claim on direct appeal, he is not barred from asserting ineffective assistance based on a different ground in a first § 2255 petition.[4] See United States v. Galloway, 56 F.3d 1239, 1242-43 (10th Cir. 1995). We review claims of ineffective assistance of counsel de novo. Brewer v. Reynolds, 51 F.3d 1519, 1523 (10th Cir. 1995), cert. denied, 116 S. Ct. 936 (1996). In assessing an ineffective assistance of counsel claim, we consider "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland v. Washington, 466 U.S. 668, 686 (1984). To prove this, defendant must show both that counsel's performance was deficient and that this deficient performance prejudiced his defense. Id. at 687.

Defendant has failed to show that counsel's performance was deficient. At sentencing, counsel argued that any offenses that effectively had been set aside should not be used to calculate defendant's criminal history category. Even if counsel did not thoroughly

---

[4]    Defendant generally argued ineffective assistance of counsel on direct appeal. This court held "[o]ur review of the record does not reveal that defendant's counsel made any errors warranting reversal." Cox, 934 F.2d at 1123.

investigate defendant's prior convictions, he did not render ineffective assistance because the prior convictions are presumed valid. See Parke v. Raley, 506 U.S. 20, 29 (1992)(presumption of regularity attaches to final judgments); see also Custis, 114 S. Ct. at 1739 (impermissible to use federal sentencing forum to review state conviction). Moreover, on direct appeal, this court upheld defendant's sentence and placement in criminal history category IV. Cox, 934 F.2d at 1123-25.

Defendant next argues that he is actually innocent and his attorney was ineffective for failing to investigate, interview, and call witnesses and present a defense of duress and coercion. He also contends counsel was ineffective for failing to request a downward departure based on duress and coercion. Due to alleged factual disputes not established in the record, defendant argues the district court should have held an evidentiary hearing to decide this issue.

Applying the standard set forth above, we conclude defendant has failed to prove ineffective assistance of counsel. Defendant admits that he explained the facts for his alleged innocence and a defense of coercion and duress to his attorney and that counsel made some effort to investigate his allegations of kidnapping and beating. Counsel apparently made an informed strategic choice not to pursue a duress and coercion defense. See Strickland, 466 U.S. at 689, 691. Furthermore, on direct appeal, where defendant filed separate pro se briefs, Cox, 934 F.2d at 1118 n.1, he indicated that he had wanted to allege an entrapment defense, not coercion or duress. See id. at 1119-20. Thus, defendant has failed to show his counsel's

8

performance was constitutionally deficient. Because defendant is not entitled to § 2255 relief for ineffective assistance of counsel, the district court did not err in failing to hold an evidentiary hearing. See generally Machibroda v. United States, 368 U.S. 487, 494-95 (1962)(error in failing to hold evidentiary hearing when issue raised in § 2255 motion could not be conclusively determined by motion itself).

Third, defendant argues that his criminal case was barred by the Double Jeopardy Clause, because many of his assets were forfeited in separate administrative and civil forfeiture proceedings based on the same conduct for which he was subsequently criminally prosecuted. Defendant argues his counsel rendered ineffective assistance for failing to raise a double jeopardy claim before trial as a defense.

Defendant did not raise a double jeopardy claim on direct appeal. A § 2255 motion is not available to test the legality of a matter which should have been raised on direct appeal. United States v. Warner, 23 F.3d 287, 291 (10th Cir. 1994). When a defendant fails to raise an issue on direct appeal, he is barred from raising the issue in a § 2255 proceeding, unless he establishes either cause excusing the procedural default and prejudice resulting from the error or a fundamental miscarriage of justice if the claim is not considered. Id. A defendant may establish cause for procedural default by showing he received ineffective assistance of counsel. United States v. Cook, 45 F.3d 388, 392 (10th Cir. 1995). Here, defendant's allegation of ineffective assistance of counsel is merely conclusory. Therefore, he has failed to prove cause for failing to raise this issue on direct appeal. Also, because he has not made

a colorable showing of factual innocence, he cannot establish a fundamental miscarriage of justice. See Sawyer v. Whitley, 505 U.S. 333, 339-40 (1992).

Fourth, conceding that each of the above alleged ineffective assistance of counsel errors may not rise to a constitutional level, defendant argues that the cumulative errors of counsel denied him a fair and impartial trial in violation of the due process clause and therefore constituted ineffective assistance of counsel. Cumulative error analysis evaluates the effect only of errors, not the cumulative effect of nonerrors. United States v. Wynne, 993 F.2d 760, 768 (10th Cir. 1993). We therefore conclude this argument lacks merit.

Defendant's fifth argument is that the district court erred in summarily dismissing his claim that his sentence was improperly enhanced under U.S.S.G. § 3B1.1(a) for being a leader or organizer. This issue was decided on direct criminal appeal. Cox, 934 F.2d at 1126. The district court correctly concluded defendant may not again raise this issue in a § 2255 motion. See Warner, 23 F.3d at 291.

In supplemental authority citing Bailey v. United States, 116 S. Ct. 501, 505 (1995), defendant challenges his conviction under 18 U.S.C. § 924(c)(1), alleging for the first time that he did not actively use a firearm for any drug trafficking offense. Generally, we do not consider arguments raised for the first time on appeal. Hicks v. Gates Rubber Co., 928 F.2d 966, 970 (10th Cir. 1991). We, however, exercise our discretion to do so in this case, see Lyons v. Jefferson Bank & Trust, 994 F.2d 716, 721 (10th Cir. 1993), and conclude defendant's argument is without merit. Bailey addresses the requirements for using a firearm;

10

whereas defendant was charged with and convicted of carrying firearms.  See 18 U.S.C. § 924(c)(1) (imposing prison term on person who "during and in relation to any . . . drug trafficking crime . . . uses or carries a firearm"); Bailey, 116 S. Ct. at 507 (acknowledging § 924(c) specifies two types of conduct with a firearm:  using and carrying); Cox, 934 F.2d at 1121 (upholding defendant's conviction for carrying firearms).  Bailey, therefore, does not apply to this case.

The judgment of the United States District Court for the District of Colorado is AFFIRMED in part and VACATED in part.  The action is REMANDED for reopening of defendant's sentence.  Defendant's request to supplement the record on appeal with the trial transcripts is DENIED.[5]  In this court's order of  September 26, 1995, plaintiff's request to supplement the record with the sentencing transcript was provisionally granted, leaving the propriety of the inclusion to the merits panel.  Plaintiff's request to supplement the record on appeal with the sentencing transcript is now GRANTED.

---

[5]  Upon the court's own motion the record was supplemented to include the presentence report.