UNITED STATES COURT OF APPEALS

**Filed 12/5/96**

FOR THE TENTH CIRCUIT

---

JERRY D. RYAN, MARCELLA M.
RYAN, Individually and as Parent and
Next Friend of DAVID C. RYAN,
DANIEL J. RYAN,

        Plaintiffs-Appellants,

v.

GENERAL TIRE, INC., an Ohio
corporation,

        Defendant-Appellee.

No. 96-2052
(D.C. No. CIV 94-1204 JP/LFG)
(D.N.M.)

---

ORDER AND JUDGMENT[*]

---

Before BALDOCK and BRISCOE, Circuit Judges, and LUNGSTRUM,[**] District
Judge.

---

[*]    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]    Honorable John W. Lungstrum, District Judge, United States District Court
for the District of Kansas, sitting by designation.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiffs appeal from a jury verdict against them on their product liability claims against defendant. Plaintiffs contend that the district court erred in excluding certain evidence they wanted to introduce. We have jurisdiction under 28 U.S.C. § 1291. We review a district court's exclusion of evidence for an abuse of discretion. Cartier v. Jackson, 59 F.3d 1046, 1048 (10th Cir. 1995). "In reviewing a court's determination for abuse of discretion, we will not disturb the determination absent a distinct showing it was based on a clearly erroneous finding of fact or an erroneous conclusion of law or manifests a clear error of judgment. In doing so, we give deference to the district court's evidentiary rulings." Id. (citations omitted).

Plaintiffs' claims arise from an automobile accident caused by the failure of a tire manufactured by defendant. The tire failed as a result of a separation of the top steel belt and tread from the inner belt and remainder of the tire. Plaintiffs claim that the separation was caused by the defective manufacture of the tire. Defendant contends that the tire was not defectively manufactured and that the separation was caused by misalignment of the vehicle and improper maintenance.

Plaintiffs first contend that the district court erred by excluding what are referred to as the "Big O documents." These are tire adjustment claim forms reflecting problems which customers of Big O Tires, Inc., had with tires manufactured by defendant and sold by Big O under its own brand name. The documents reflected 168 failures by separation of passenger tires manufactured by defendant for Big O in 1990, which is the year the tire at issue was manufactured. The Big O tires were manufactured at the same plant at which the subject tire was manufactured, but were not the same design and construction as the subject tire. Most of the documents note only that there was a separation without explaining what type of separation. Some documents indicate there was a tread separation, while others refer to sidewall separations, sidewall cracking and other problems. The documents do not indicate the mileage of the tires at the time of the problem, the maintenance history of the tires, the type of vehicles on which they were mounted, the identity of the person preparing the document, or the reason for the problem.

Defendants moved to exclude the Big O documents on the basis they were inadmissible hearsay and irrelevant. Plaintiffs contended that they were admissible under the hearsay exception for business records, Fed. R. Evid. 803(6), and submitted the deposition testimony of a Big O records custodian in support of this position. Plaintiffs also argued that the manufacturing process for the Big O

tires was substantially similar to the one used for the subject tire, making reports of separations of Big O tires relevant.

In addressing the admissibility of these documents, the court first noted that

> you gave me some samples of those exhibits at the last meeting we had.  And I haven't the faintest idea, looking at those records, who may have prepared them, whether the person who prepared them had any expertise at all, had any knowledge about separation. . . .
>
> But looking at some of these exhibits, it just says, "Separation."  Well, as I--what little I know already about this case, I gather that a separation can be caused from a whole variety of factors aside from improper manufacturing.
>
> So if we let these in, number one, are they really reliable?  Can the jury rely on them?

Appellants' App. Vol. I at 109-10.  The court then concluded that plaintiffs had not laid an adequate foundation for the documents' admission under the business records exception:

> [The records custodian] testified that she had physical custody of certain of Big O adjustment documents, but she could not testify how those documents were completed, who completed them, when they were completed, what they contain, under what circumstances they were produced, or what they were intended to be used for.  She similarly was unaware of any policy of Big O concerning how such reports were made or any policy of retaining or using such records.

Id. at 124.  The court also stated that even assuming an adequate foundation could be laid for the documents, there was inadequate evidence to support plaintiffs' claim that the manufacturing process for the Big O tires was substantially similar to the one for the tire at issue.

-4-

On appeal, plaintiffs contend that the record custodian's general testimony should have been sufficient to satisfy the foundation requirement for the business records exception. Additionally, plaintiffs admit that there was conflicting evidence as to whether the manufacturing processes for the two types of tires were substantially similar, but contend that this goes only to the weight of the evidence and not its admissibility. We have reviewed the documents in question and the other relevant evidence in the record, and we well understand the district court's concerns about the trustworthiness and meaning of the Big O documents and the lack of similarity in manufacturing processes. The court was concerned that admission of the documents would lead to collateral arguments regarding the preparation and reliability of each of the Big O documents. We conclude that the court did not abuse its discretion in excluding the Big O documents.[1]

Plaintiffs next contend that the court erred in refusing to allow their witness, Bill Brown, to testify why he had sued defendant. Mr. Brown was a department manager at defendant's plant from 1988 to 1993. After being

---

[1]     Plaintiffs also contend that the court erred in not allowing them additional time to pursue discovery of evidence to establish the necessary foundation for admission of the documents. We do not see anything in the record supporting their contention that they requested more discovery time or that the court denied their request. In fact, when the court asked whether plaintiffs were satisfied that they had produced sufficient evidence for the court to rule on the admissibility of the documents, plaintiffs' counsel replied that they had. Appellants' App. Vol. I at 112-13.

terminated in 1994 (following a period of medical leave), Mr. Brown filed suit against defendant alleging mental distress arising from his being forced to distort production figures at the plant. The court allowed Mr. Brown to "testify that his department was under a lot of pressure at the time the subject tire was manufactured in July, 1990." Id. at 52. The court prohibited plaintiffs from eliciting during their case in chief Mr. Brown's testimony that he was forced to distort production figures, but stated that it might allow testimony on this topic on redirect depending on his cross-examination. Id. at 47-48.

On cross-examination at trial, Mr. Brown testified regarding his suit against defendant. On redirect, he was allowed to state that the reason for the suit was "discriminatory discharge," but the court did not allow him to further explain the basis for the suit, stating "[w]e don't want to try his claim in this lawsuit." Id. at 307-08. We note that in his deposition, Mr. Brown testified that his being forced to distort production figures occurred sometime after 1990. Appellants' App. Vol. II at 363. Again, we see no abuse of the court's discretion in excluding this testimony.

Finally, plaintiffs contend that the district court's errors cumulatively constitute reversible error. "Cumulative error analysis evaluates the effect only of errors, not the cumulative effect of nonerrors." United States v. Cox, 83 F.3d 336, 342 (10th Cir. 1996). Moreover, we would be hard-pressed at best to

determine the effect of any error in this appeal because plaintiffs did not submit a complete copy of the trial transcript. See Allen v. Minnstar, Inc., 97 F.3d 1365, 1372-73 (10th Cir. 1996).

Plaintiffs' motion to supplement the record on appeal is GRANTED. The judgment of the district court is AFFIRMED.

Entered for the Court


Bobby R. Baldock
Circuit Judge