F I L E D
United States Court of Appeals
Tenth Circuit

SEP 18 1997

PATRICK FISHER
Clerk

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

CLIFTON ANDREW CARTER,

Defendant-Appellant.

No. 96-7089
(D.C. No. 95-CV-228-S)
(E.D. Okla.)

ORDER AND JUDGMENT[*]

Before ANDERSON, BARRETT, and MURPHY, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Defendant appeals from the district court's denial of his motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255.[1] After resentencing, defendant was sentenced to 292 months of imprisonment on count 1 of the indictment, conspiring to violate 21 U.S.C. § 841(a)(1) in violation of 21 U.S.C. § 846; 120 months for violation of 21 U.S.C. § 841(d); and 60 months for violation of 18 U.S.C. § 1952. On direct appeal, this court remanded for resentencing on count 1, directing that the new sentence be calculated based on possession and attempt to manufacture amphetamine, as opposed to the higher levels applicable to methamphetamine. After resentencing, this court affirmed.

In this § 2255 appeal, defendant alleges ineffective assistance of counsel with regard to several points. After de novo review of defendant's claims, see United States v. Cox, 83 F.3d 336, 340 (10th Cir. 1996), we affirm.

Defendant argues that the sentencing court should have applied U.S.S.G. § 2D1.11, and that his attorney's failure to make this argument rendered his

---

[1]     Defendant filed his original motion pursuant to § 2255 on May 15, 1995, prior to the effective date of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214, April 24, 1996. In Lindh v. Murphy, 117 S. Ct. 2059 (1997), the Supreme Court recently held that the Act's amendments to Chapter 153 of Title 28, including the amendments to 28 U.S.C. §§ 2253-2255, did not apply to noncapital cases pending on the effective date. Therefore, defendant's application for a certificate of appealability pursuant to the amended § 2253 is dismissed.

assistance ineffective.[2]  To prevail on a claim that his attorney was ineffective, defendant must show both that his attorney's performance fell below an objective standard of reasonableness and that the deficient performance was prejudicial. See United States v. Cook, 45 F.3d 388, 392 (10th Cir. 1995).  Defendant can show no prejudice resulting from his attorney's failure to argue for application of § 2D1.11, because § 2D1.11(c)(1) provides that if the offense involved unlawful manufacture of a controlled substance or attempt to do so, § 2D1.1 should be applied if the resulting offense level is greater than that determined under § 2D1.11(a).

Next, defendant argues ineffective assistance of counsel for failure to request a lesser included charge to the jury.  The trial court properly charged the jury on violation of 21 U.S.C. §§ 841(a)(1) and 846 with regard to count 1, and it charged the jury on violation of 21 U.S.C. § 841(d) with regard to count 2. Defendant's counsel was not ineffective for failing to request a charge on § 841(d) with regard to count 1.  Defendant cites no authority for his theory that § 841(d) is a lesser included offense of § 841(a).  It is clear that § 841(d) requires

---

[2]     The government argues that this, and defendant's other arguments in this § 2255 appeal, are procedurally barred because defendant did not raise them on direct appeal.  The government fails, however, to acknowledge that defendant's allegations of error are couched in terms of ineffective assistance of counsel, which this court has held is preferably raised in collateral proceedings.  See United States v. Galloway, 56 F.3d 1239, 1242-43 (10th Cir. 1995).

proof of an element that § 841(a) does not: possession of a listed chemical. <u>See</u> <u>Schmuck v. United States</u>, 489 U.S. 705, 716 (1989) (holding that where lesser offense requires an element not required for greater offense, no lesser included offense instruction is required).

Defendant's argument regarding the distinction between d-methamphetamine and l-methamphetamine also has no merit. This court held, on direct appeal, that the case would be remanded for resentencing using the offense levels relevant to amphetamine, which has a lower base offense level than methamphetamine. Because defendant was not sentenced using the higher base offense level relating to methamphetamine, there can be no prejudice resulting from his attorney's failure to argue that the government failed to prove possession and attempt to manufacture d-methamphetamine, as opposed to l-methamphetamine.

Finally, defendant's counsel was not ineffective for failing to object to the jury charge on conspiracy or the verdict forms. The conspiracy charge and the relating charges with regard to the objects of the conspiracy were adequately set forth. We find neither deficient performance nor prejudice in this regard.

The judgment of the United States District Court for the Eastern District of Oklahoma is AFFIRMED.

                                        Entered for the Court


                                        James E. Barrett
                                        Senior Circuit Judge