**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 4 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

> Plaintiff-Appellee,

v.

ANDREW JACKSON WHITMORE,
II,

> Defendant-Appellant.

No. 98-5129
(D.C. No. 97-CV-51-E)
(N.D. Okla.)

UNITED STATES OF AMERICA,

> Plaintiff-Appellee,

v.

KENNETH N. POWELL,

> Defendant-Appellant.

No. 98-5133
(D.C. No. 97-CV-249-E)
(N.D. Okla.)

---

**ORDER AND JUDGMENT** [*]

---

Before **PORFILIO** , **McKAY** , and **LUCERO** , Circuit Judges.

---

[*]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The cases are therefore ordered submitted without oral argument.

Andrew Whitmore and Kenneth Powell were codefendants in a multi-defendant trial and were convicted of conspiracy to distribute marijuana in violation of 21 U.S.C. § 846. They were sentenced to 360 and 292 months, respectively, followed by five-year periods of supervised release. Their convictions and sentences were affirmed on appeal. *United States v. Powell*, 982 F.2d 1422 (10th Cir. 1992). Both defendants filed motions pursuant to 28 U.S.C. § 2255 to vacate, correct, or set aside their sentences. The district court denied the motions and denied their requests for a certificate of appealability.

Both defendants have applied for a certificate of appealability in order to appeal the district court's denial of their § 2255 motions. Because neither defendant makes a substantial showing of the denial of a constitutional right, *see* 28 U.S.C. § 2253(c)(2), we must deny their applications for certificates of appealability.

Defendant Whitmore makes the following arguments on appeal: (1) he received ineffective assistance of counsel because his attorney did not object to the instruction to the jury regarding the elements of conspiracy and did not move to suppress the testimony of witnesses who were promised leniency in exchange for their testimony; (2) the district court incorrectly calculated the quantity of drugs for sentencing purposes; and (3) the district court erred in enhancing his sentence for possession of a firearm. Defendant Powell makes two arguments on appeal: (1) his counsel was ineffective for failing to object to testimony by witnesses who were offered leniency in exchange for their testimony; and (2) the district court erred in basing his sentence on the quantity of drugs calculated in the pre-sentence investigation report because that calculation was inaccurate.

To prevail on a claim of ineffective assistance of counsel, a defendant must show that his attorney's performance fell below an objective standard of reasonableness and that the deficient performance prejudiced his defense. *See Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). We have reviewed the jury instruction objected to by defendant Whitmore, and we agree with the district court that failure to object to the instruction did not constitute deficient performance by defendant's attorney because the instruction accurately stated the necessary elements of conspiracy. Further, even if the instruction had warranted objection, there was no prejudice. *See Powell,* 982 F.2d at 1430 (holding that

there was more than sufficient evidence to connect defendant Whitmore to the conspiracy).

Both defendants argue that their attorneys were ineffective because they did not move to suppress the testimony of witnesses who testified in exchange for leniency. Neither defendant raised this argument before the district court, and we will not consider it for the first time on appeal. *See Walker v. Mather (In re Walker)*, 959 F.2d 894, 896 (10th Cir. 1992). We note, however, that defendants' argument has been foreclosed by this court's *en banc* decision in *United States v. Singleton*, 165 F.3d 1297, 1298 (10th Cir.), petition for cert. filed (March 31, 1999) (No. 98-8758).

Next, both defendants complain that the district court erred in calculating the quantity of drugs used to arrive at their sentences under the sentencing guidelines. On direct appeal, defendants argued that the drug quantity was miscalculated as a result of the district court adopting the probation officer's estimate based on an average amount over two years. We considered defendants' argument alleging error in the drug quantity calculation, and we held that we would "not disturb the district court's quantity determination." *Powell*, 982 F.2d at 1435. The district court was correct in finding that this claim cannot be considered in either defendants' § 2255 proceeding because it was addressed on direct appeal. *See United States v. Cox*, 83 F.3d 336, 342 (10th Cir. 1996).

-4-

Finally, defendant Whitmore alleges error in the district court's application of a two-point enhancement under the sentencing guidelines for possession of a firearm. Defendant did not raise this argument in his direct appeal. We agree with the district court that this claim is procedurally barred because it should have been raised on direct appeal. *See Cox*, 83 F.3d at 341. [1]

Neither defendant has made a substantial showing of the denial of a constitutional right, and, therefore, their applications for a certificate of appealability are DENIED. Accordingly, the appeals in both 98-5129 and 98-5133 are DISMISSED. Defendant Powell's motion to proceed without prepayment of fees or costs is DENIED as moot. The mandate shall issue forthwith.

Entered for the Court

John C. Porfilio
Circuit Judge

---

[1] In his reply to the government's response to his § 2255 motion before the district court, defendant Whitmore argued that ineffective assistance of his counsel was the cause for his failure to raise the firearm enhancement issue on direct appeal. On appeal, however, defendant makes a straight argument that the district court erred in accepting the witness testimony upon which the enhancement was based, and, therefore, the enhancement was error. He does not contend that he failed to raise the issue because his counsel was ineffective.