**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 14 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

COYETTE DEON JOHNSON,

Defendant-Appellant.

No. 00-6250
(W. District of Oklahoma)
(D.C. No. 96-CR-80-L)

**ORDER AND JUDGMENT**[*]

Before **BRORBY**, **KELLY**, and **MURPHY**, Circuit Judges.


After examining Appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

The case is before this court on Appellant, Coyette Deon Johnson's request for a certificate of appealability ("COA"). Johnson seeks a COA so he can appeal the district court's denial of his motion to vacate, set aside, or correct sentence brought pursuant to 28 U.S.C. § 2255. *See* 28 U.S.C. § 2253(c)(1)(b) (providing that a petitioner may not appeal the denial of a § 2255 petition unless he first obtains a COA). Johnson has not made "a substantial showing of the denial of a constitutional right," and, therefore, this court **denies** Johnson's request for a COA and **dismisses** the appeal. *See id*. § 2253(c)(2).

After a jury trial, Johnson was convicted of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), being an unlawful user of controlled substances in possession of a firearm in violation of 18 U.S.C. § 922(g)(3), and distribution of a controlled substance in violation of 21 U.S.C. § 841(a)(1). Johnson was sentenced as a career criminal under 18 U.S.C. § 924(e)(1). On direct appeal, this court affirmed Johnson's convictions based on violations of 18 U.S.C. § 922(g)(1) and 21 U.S.C. § 841(a)(1) but instructed the district court to vacate Johnson's conviction based on 18 U.S.C. § 922(g)(3). *See United States v. Johnson*, 130 F.3d 1420, 1426 (10th Cir. 1997). Johnson's sentence of 237 months, however, was affirmed. *See id*. at 1430-31.

Johnson next filed the instant § 2255 habeas petition. In his petition, Johnson raised two claims, both related to his sentencing. The district court

determined that Johnson had not raised either sentencing claim in his direct appeal and, therefore, the claims were procedurally barred unless Johnson could show cause and prejudice for the default or demonstrate that a fundamental miscarriage of justice would result if his claims were not considered. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991). The district court then addressed Johnson's assertion that his failure to raise the claims was the result of ineffective assistance of counsel. The court prepared a comprehensive order analyzing the merits of Johnson's ineffective assistance claims. *See United States v. Cox*, 83 F.3d 336, 341 (10th Cir. 1996) ("A defendant may establish cause for procedural default by showing he received ineffective assistance of counsel."). Based on that analysis, the district court determined that Johnson had failed to show either constitutionally-deficient performance on the part of his counsel or that he was prejudiced by the alleged deficient performance. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). The district court, thus, entered judgment denying Johnson's § 2255 petition. [1] Johnson then sought and

---

[1] Johnson has not presented any argument either to the district court or to this court that a fundamental miscarriage of justice would result if his claims were not considered. "The fundamental miscarriage of justice exception is available only where the prisoner supplements his constitutional claim with a colorable showing of factual innocence." *Herrera v. Collins*, 506 U.S. 390, 404 (1993) (quotation omitted).

was denied a COA. [2]  In this appeal, Johnson raises the same issues he raised before the district court.

Johnson is not entitled to a COA unless he can make "a substantial showing of the denial of a constitutional right." 28 U .S.C. § 2253(c)(2). Johnson can make that showing by demonstrating that: (1) the issues raised are debatable among jurists, (2) a court could resolve the issues differently, or (3) that the questions presented deserve further proceedings. *See Slack v. McDaniel*, 120 S. Ct. 1595, 1603-04 (2000).

This court has reviewed Johnson's request for a COA, Johnson's appellate brief, the district court's order, and the entire record before us.  That review demonstrates that the district court's disposition of Johnson's § 2255 petition is not deserving of further proceedings, debatable among jurists of reason, or subject to different resolution on appeal.  Accordingly, Johnson has failed to make the required substantial showing of the denial of a constitutional right and is not entitled to a COA. *See* 28 U.S.C. § 2253(c)(1)(b).  This court **denies** Johnson's request for a COA for substantially those reasons set forth in the district court's order dated May 31, 2000, and **dismisses** this appeal.

ENTERED FOR THE COURT

---

[2]The district court also denied Johnson's motion to proceed *in forma pauperis* on appeal.  Johnson renewed that motion before this court.  Johnson's renewed motion to proceed *in forma pauperis* on appeal is denied.

-4-

Michael R. Murphy
Circuit Judge