**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 14 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

GERALD G. BURCH,

      Defendant - Appellant.

No. 01-3149
(D.C. No. 99-CV-3290-SAC,
95-CR-40045-01-SAC)
(D. Kansas.)

---

**ORDER AND JUDGMENT** *

---

Before **LUCERO** , **PORFILIO** , and **ANDERSON** , Circuit Judges.

---

Gerald G. Burch was convicted after a jury trial of possession with intent to

distribute 538 pounds of marijuana and conspiracy to possess with intent to

distribute the marijuana. After his conviction was affirmed by this Court, Burch

filed a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his

sentence, which the district court denied. Appellant now seeks a certificate of

---

\*     The case is unanimously ordered submitted without oral argument pursuant
to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. The Court generally disfavors the citation of orders and
judgments; nevertheless, an order and judgment may be cited under the terms and
conditions of 10th Cir. R. 36.3.

appealability ("COA") from this Court, so that he may appeal the district court's denial of his § 2255 motion. We will only grant a COA if an appellant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Because Burch has made no such showing, we decline to issue a COA and must dismiss the appeal. [1]

Appellant was convicted of possession of marijuana that was found when the Kansas Highway Patrol searched the semi-tractor/trailer Burch was driving. On appeal, Burch argues that the district court violated his rights under the Fifth and Fourteenth Amendments by allowing the search and seizure to stand. He also claims that he received ineffective assistance of counsel because his trial counsel did not sufficiently argue the illegality of the search and seizure.

As the district court aptly stated in its thorough decision, the reasonableness of the search and seizure was addressed and affirmed by this Court in our decision on direct appeal. See United States v. Burch, 153 F.3d 1140, 1141–43 (10th Cir. 1998). To the extent that Burch argues the reasonableness of the search and seizure in this post-conviction appeal, his argument is foreclosed by our decision in his direct appeal. See United States v. Cox, 83 F.3d 336, 342 (10th Cir. 1996). Similarly, to the extent appellant argues that he received

---

[1] In a jurisdictional brief ordered by this court, the government conceded that this appeal was timely filed in light of the date that appears on the certificate of service attached to the notice of appeal.

ineffective assistance of counsel because his counsel did not argue the unreasonableness of the search with sufficient vigor, our decision on direct appeal forecloses that argument. To succeed on an ineffective assistance claim, appellant must show prejudice—"a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 694 (1984). Because this Court thoroughly analyzed the reasonableness of the search in this case and held that there was no constitutional violation, Burch, 153 F.3d at 1143, appellant cannot show prejudice. The application for a COA is **DENIED**, and the appeal is **DISMISSED**.[2]

ENTERED FOR THE COURT

Carlos F. Lucero
Circuit Judge

---

[2]    We construe Burch's "Petition for Rehearing w/ Suggestion for Rehearing En Banc" as a petition for initial hearing en banc. The request has been transmitted to all of the judges of the court who are in regular service as required by Fed. R. App. P. 35. No judge in regular active service on the court requested that the court be polled on initial hearing en banc. Accordingly, the petition for initial hearing en banc is denied.