**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 24, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

EMERSON BOYD AUSTIN,

Defendant - Appellant.

No. 07-1383

(D. Colorado)

(D.C. No. 05-CR-00101-LTB)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, **ANDERSON**, and **BRORBY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination

of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

Defendant and appellant Emerson Boyd Austin pled guilty, pursuant to a

Fed. R. Crim. P. 11(c)(1)(C) plea agreement, to one count of being a felon in

possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). He was sentenced

---

[*]This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

to seventy-seven months' imprisonment. Austin challenges his sentence, which we affirm.

## BACKGROUND

The following facts are taken from the plea agreement and statement of facts relevant to sentencing, later incorporated into the presentence report ("PSR"), to which neither party objected. On September 4, 2004, Austin was involved in an altercation with another individual at Sky Ute Downs in Ignacio, Colorado. When law enforcement authorities arrived, they confiscated a .22 caliber revolver from Austin. Following his arrest, Austin admitted that he had bought the revolver. A subsequent review of his criminal history revealed that he had been previously convicted in June 2001 of aggravated assault against a household member in New Mexico, as well as of burglary and larceny, both of which were punishable by a term of imprisonment exceeding one year and are therefore felonies. Austin had also been convicted in March 2001 of auto burglary, which is punishable by a term of imprisonment exceeding one year (another felony). He was therefore indicted on March 10, 2005, for possession of a firearm by a prohibited person—i.e., a felon.

On April 25, 2005, Austin was arrested and charged with kidnapping, aggravated sexual assault, and sexual abuse of a minor in Arizona. Following a jury trial, Austin was found guilty of the aggravated assault and the sexual abuse

charges. He was sentenced to 600 months' imprisonment for the assault charge and a concurrent term of 180 months' on the sexual abuse charge, followed by a life term of supervised release. As of the date the briefs were filed in this appeal, that case was pending on appeal in the United States Court of Appeals for the Ninth Circuit. See United States v. Austin, No. 07-10198 (9th Cir., filed Apr. 17, 2007).[1]

In preparation for sentencing on the instant conviction, the United States Probation Office prepared a PSR, which calculated Austin's total offense level at 21 which, with a criminal history category of VI, yielded an advisory sentencing range under the United States Sentencing Commission, Guidelines Manual ("USSG"), of seventy-seven to ninety-six months' imprisonment. The criminal history category of VI was calculated on the basis that Austin had fifteen criminal history points, three of which were for the Arizona assault/abuse convictions.

Austin objected to the PSR on several grounds, one of which involved the three criminal history points assessed for the Arizona conviction. Specifically, Austin argued that "[i]f this court computes a longer sentence of imprisonment based on a conviction and sentence that are eventually overturned, the time for

---

[1]The government asserts that the Ninth Circuit's docket shows that, on February 12, 2008, Austin's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738, 744 (1967), indicating counsel's belief that there were no nonfrivolous issues upon which to base an appeal.

[him] to seek correction of this sentence will have lapsed, and he will be without an avenue of relief." Defendant's Objections to the PSR at 2.[2]

In response, the district court stated, "First of all, I don't think the question is ripe. Secondly, it would be an advisory opinion in any event, and . . . I think I'll not answer the question." Tr. of Sentencing at 3, R. Vol. II. Furthermore, the district court observed that USSG §4A1.2, comment. (n.1) specifically states "that a sentence imposed after Defendant's commencement of the instant offense, but prior to sentencing for the instant offense, is a prior sentence if it was for conduct other than conduct that was part of the instant offense," and then noted that "[t]his case would seem to fit that application note." Id. at 4. The district court accordingly overruled Austin's objection to the inclusion of the three criminal history points based on the Arizona conviction. Austin appeals that ruling.

## DISCUSSION

When reviewing federal sentences, "as a matter of procedural regularity, the 'starting point and the initial benchmark' for any sentencing decision must be a correctly calculated Guidelines sentencing range." United States v. Todd, 515 F.3d 1128, 1134 (10th Cir. 2008) (quoting Gall v. United States, 128 S. Ct. 586,

---

[2]At the sentencing hearing, Austin's counsel explained his concern as follows: "it becomes a moot point if he's successful on the appeal in Arizona; but if he's successful on appeal, he just wants to make sure he hasn't spent the last two and a half years in vain on that case and that he has an avenue of relief." Tr. of Sentencing at 3, R. Vol. II.

596 (2007)).  Thus, on appellate review of a sentence, "our first task remains to 'ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range . . . [or] selecting a sentence based on clearly erroneous facts.'"  Id. at 1134-35 (quoting Gall, 128 S. Ct. at 597).

Austin concedes that USSG § 4A1.2(l) provides that, in calculating criminal history, "[p]rior sentences under appeal are counted except as expressly provided below."  He further concedes that none of the express exceptions apply.  He nonetheless argues that due process prevents his Arizona conviction from being counted because he claims there is no clear avenue for relief if that conviction is overturned on appeal, after it was used to increase his criminal history, and therefore his sentence, on the instant conviction.  As the government points out, however, a number of courts, including our own, have recognized that there is an avenue for relief.  We have stated that "[i]f a defendant successfully attacks state sentences, he may then apply for reopening of any federal sentence enhanced by the state sentences."  United States v. Cox, 83 F.3d 336, 339 (10th Cir. 1996).  We have observed that "[i]n reopening defendant's sentence, the district court must determine the basis for the expungement or dismissal of the prior offenses and whether they may be included in calculating defendant's criminal history score."  Id. at 339.  Thus, "[c]onvictions reversed or vacated for reasons related to constitutional invalidity, innocence, or errors of law are

-5-

expunged for purposes of the Guidelines and therefore cannot be included in criminal history calculations," while "convictions . . . set aside for reasons other than innocence or errors of law . . . are counted for criminal history purposes." Id. at 339-40.   While we are dealing here with a prior federal conviction, not a state one, we cannot see any reason to reach a different result.

Accordingly, Austin is not necessarily left without a remedy even if his conviction in Arizona is overturned on appeal.  We note that neither party has provided current information on the status of the appeal pending before the Ninth Circuit, nor on any grounds for which an appeal in that court could be or is based. Austin's argument to us is, of course, moot if his appeal before the Ninth Circuit is dismissed or otherwise fails to provide him with any relief.  Furthermore, as indicated above, the degree to which relief would be available to Austin may depend on the basis for which the appeal is successful.


## CONCLUSION

For the foregoing reasons, the sentence is AFFIRMED.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge