**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 26 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

ALFONSO PEDRAZA,

Defendant-Appellant.

No. 98-2268
(D.C. No. CIV-96-737 SC/LCS)
(D.N.M.)

**ORDER AND JUDGMENT** *

Before **BALDOCK** , **BRISCOE** , and **LUCERO** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

A jury convicted defendant-appellant Alfonso Pedraza of one count of conspiracy to possess with intent to distribute more than five kilograms of cocaine. See 21 U.S.C. § 846; 18 U.S.C. § 2. We previously upheld his conviction on direct appeal. See United States v. Pedraza, 27 F.3d 1515 (10th Cir. 1994). He now appeals from the district court's order denying his motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255.

Appellant raises seventeen issues for our consideration. In order to proceed in this appeal, he must obtain a certificate of appealability (COA). See 28 U.S.C. § 2253(c)(1)(B). The district court granted a COA on a single issue: whether appellant had shown "ineffective assistance of counsel for allowing prejudicially erroneous evidence to be sent to the jury during their deliberations." Appellant's Opening Br., addendum "C."

The grant of a COA is issue-specific; we do not hear and decide issues on which a COA has not been granted. See Ross v. Ward, 165 F.3d 793, 802 (10th Cir.) (Kelly, J., concurring; capital case), cert. denied, 120 S. Ct. 208 (1999). An appellant who wishes us to consider additional issues should file a request for an expanded COA. See id. at 803. Appellant has not requested an expanded COA to encompass his other issues. Therefore, we do not consider them.

Appellant's fifteenth appellate issue most clearly fits within the district court's grant of COA. The government concedes, however, that the district court may also have intended its order granting COA to apply to all other issues involving evidence that went to the jury. Accordingly, we consider each of the issues raised involving presentation of evidence.

On appeal from the denial of a § 2255 motion, we review the district court's legal rulings de novo and its findings of fact for clear error. See United States v. Cox, 83 F.3d 336, 338 (10th Cir. 1996). "Whether [appellant] received effective assistance of counsel is a mixed question of law and fact that we review de novo." United States v. Prows, 118 F.3d 686, 691 (10th Cir. 1997).

To prevail on his claims of ineffective assistance of counsel, appellant "must show that counsel's representation fell below an objective standard of reasonableness," Strickland v. Washington, 466 U.S. 668, 688 (1984), and that the deficient performance prejudiced him, see id. at 687. To establish prejudice, he must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. In addition to the extensive trial transcript in this matter, we have consulted the transcript of the evidentiary hearing on this § 2255 motion at which both appellant and his trial counsel testified concerning the ineffectiveness issues.

1. **"Prejudicial erroneous testimony"**

Appellant's theory at trial was that there were actually two drug conspiracies, a "Florida" conspiracy and a "New Mexico" conspiracy. He argued that he was involved only in the earlier Florida conspiracy, and that his part in that conspiracy terminated when he was arrested and incarcerated in February 1990.

To substantiate its case against appellant and the other defendants at trial, the government played a number of taped telephone conversations for the jury. In one of these conversations, Peter Irelan told informant George Anthony Seek that the cocaine operation would start up again upon "Pedraza's release." It is undisputed that Irelan was referring to Enrique Pedraza, appellant's brother, who was incarcerated in Columbia at the time. Appellant contends, however, that the jury could have misinterpreted Irelan's statement as referring to himself, thus weakening his case that he had no involvement in the charged New Mexico conspiracy. He argues that his attorney should have cross-examined Seek at trial to establish that the reference was made to Enrique Pedraza.

We have previously held that the record in this case contains "ample evidence" from which the jury could conclude that appellant was guilty of participation in the conspiracy charged. Pedraza, 27 F.3d at 1524-25. Even if his attorney erred by failing to cross-examine on this point, appellant fails to show

that any confusion amongst the jury occasioned by the ambiguous reference to his brother prejudiced him within the meaning of Strickland. His claim therefore lacks merit.

2. **Stipulation to Admission of Recordings and Transcripts**

Appellant argues that his counsel performed ineffectively when she stipulated to the admission of thirty taped telephone recordings and transcripts. The district court used the tapes and transcripts to determine the existence of the conspiracy so that coconspirator hearsay statements could be introduced. See Fed. R. Evid. 801(d)(2)(E). The jury also later heard the tapes and read the transcripts and were permitted to take both to the jury room.

Appellant argues that the stipulation relieved the government of its responsibility to establish his participation in the conspiracy by independent evidence. He contends that the tapes were hearsay and could not themselves be used to establish the existence of the conspiracy.

A court may consider hearsay coconspirator statements in making the initial determination of whether a conspiracy exists. See Bourjaily v. United States, 483 U.S. 171, 181 (1987). The government must also present independent evidence linking a defendant to the conspiracy; however, this independent evidence need not be substantial. See United States v. Owens, 70 F.3d 1118, 1124-25 (10th Cir. 1995). Here, the district court relied on independent testimony

connected with guilty pleas entered by Nelson Pedraza and Jairo Salazar-Trujillo. R. Vol. IX at 304. Even if this independent testimony did not affirmatively link appellant to the conspiracy, the government presented additional, non-hearsay evidence at trial that did so. Had appellant's counsel refused to stipulate to admission of the tapes, sufficient evidence to link appellant to the conspiracy could have been presented at a " James hearing," see United States v. James , 590 F.2d 575 (5th Cir. 1979), thus permitting use of the tapes against him. Appellant has failed to show prejudice from his counsel's stipulation to admission of the tapes.

Appellant also argues that there were material discrepancies between the tapes and the government's transcripts, and that stipulation to the admissibility of the transcripts precluded him from objecting to their accuracy. Appellant fails to identify these discrepancies, however, or to argue how they prejudiced him. [1]

Appellant complains repeatedly in his brief that by stipulating to the admission of the thirty tapes, his counsel gave up any ability to conduct cross-examination as to their accuracy. Appellant fails to point to any facts that

---

[1] Appellant cites us to page 894 of the trial transcript. On this page, appellant's counsel objects to the lack of authentication of the voices on one of the tapes. This objection was withdrawn after the prosecution indicated it would have witness George Anthony Seek lay a foundation for admission of the tape. R. Vol. XIII at 894-95.

show that the taped conversations were not what they purported to be. As to the substance of the conversations, counsel testified at the evidentiary hearing that

> we reserved the right to impeach, to cross-examine the witnesses, to do everything in our power to take those tapes apart in addition to which we had the opportunity as defense counsel to introduce any other tapes which we felt supported our theories of the case.

R. Vol. III at 90.

Appellant's complaints about the stipulation to admission of the tapes lack merit.

### 3. **Missing Tapes**

Appellant contends that the defense was denied tapes of nearly 200 telephone calls that informant Seek placed to Columbia. The government explains that these calls were not taped for various reasons, including malfunctioning equipment. Appellant argues that his attorney should have investigated the missing tapes and refused to stipulate to use of any tapes until all the conversations were accounted for.

We considered a  Brady  claim involving the alleged missing tapes on direct appeal.  See Pedraza , 27 F.3d at 1526-27. We concluded that the defendants had "failed to produce any convincing evidence that these tapes ever existed."  Id. at 1527. Appellant provides us with no more evidence than we had on direct appeal to substantiate his claim that tapes were withheld from the defense and/or

destroyed. If the tapes did not exist, counsel could not have been ineffective in failing to obtain them. Moreover, appellant provides nothing but his own speculation that the tapes would have included exculpatory evidence.

### 4. **Hearsay evidence**

Appellant complains that his attorney failed to object to a recorded hearsay statement by Edward Mitchell that predated his involvement in the conspiracy. In the statement, Mitchell mentioned appellant and advised Seek that appellant would be contacting him to set up a deal with expense money. This conversation related to the alleged Florida conspiracy. Appellant's theory at trial was that he was involved in the Florida conspiracy, but not the subsequent New Mexico conspiracy. He therefore fails to show prejudice from admission of the statement.

Appellant further complains about coconspirator hearsay statements made in connection with the dismissed possession charge. He argues that his counsel should have requested a limiting instruction that any such statements made by his coconspirators after his arrest were not relevant as to him. Appellant fails to identify any specific statement to which he objects.

Moreover, appellant fails to show that he was entitled to the limiting instruction. As the extent of his involvement in the conspiracy was one of the factual issues the jury had to decide, such a limiting instruction would have usurped the jury's fact-finding function. Cf. Richardson v. Suzuki Motor Co.,

868 F.2d 1226, 1241 (Fed. Cir. 1989) (vacating award of damages where court's instruction concerning damages usurped jury's role).

5. **Admission of Guilty Pleas**

At trial, coconspirators Jairo Salazar and Nelson Pedraza testified, and the government introduced the written guilty plea of Nelson Pedraza. Appellant argues that his counsel should have objected to the introduction of this evidence or sought a limiting instruction that the guilty pleas were not to be considered as substantive evidence against him.

We previously held that failure to give such a limiting instruction did not constitute plain error sufficient to justify reversal of the conviction of appellant's co-defendant Enrique Pedraza. See Pedraza, 27 F.3d at 1525-26. Failure to request such an instruction presumably also involves insufficient prejudice to satisfy the second element of the Strickland test. See, e.g., United States v. Blanco-Rodriguez, No. 98-2116, 1999 WL 100905, at **5 n.6 (10th Cir. Mar. 1, 1999) (unpublished disposition); cf. United States v. Simmonds, 111 F.3d 737, 746 (10th Cir. 1997). Although our prior determination concerning plain error involved only co-defendant Enrique Pedraza, we concluded that the lack of a limiting instruction "did not have a substantial influence on the outcome of the trial." See Pedraza, 27 F.3d at 1526 (quotation omitted). For similar reasons, appellant has failed to establish a reasonable probability that the result would

have been different for him had the limiting instruction been given in this case. We therefore reject his claim.

6. **Admission of Exhibit No. 174**

Appellant contends that his counsel provided ineffective assistance by failing to object to the admission of a letter from Agent Stokes to Seek's probation officer, detailing Seek's assistance in prior cases resulting in the seizure of cash and cocaine. Appellant does not claim that the letter implicated him in any way, only that it had no probative value and served to bolster Seek's credibility and to introduce evidence of other crimes not relevant to this proceeding. Appellant fails to show that the outcome would have been any different had his attorney objected to admission of the letter.

7. **Telephone log**

After the case was submitted, the jury requested permission to take all the exhibits back into the jury room. Appellant was not present when the district court ruled on this request. One of the exhibits was a telephone log that erroneously attributed a telephone call dated April 3, 1990 to Seek and appellant. The conversation was actually between Seek and Henry Pedraza. This error was significant, because appellant's theory of the case depended on a factual finding that he had no involvement in the conspiracy after February 1990.

Appellant argues that had his attorney insisted on his presence at the hearing, he would have noticed the error and brought it to her attention. He claims that the parties discussed the jury's request with counsel, and agreed that all exhibits could go to the jury. He fails to show that he would have had an opportunity to discover and bring the error to the court's attention before the exhibits were presented to the jury, even if he had been present in the courtroom.

Appellant also claims that his attorney failed to discover the error due to inadequate trial preparation. Even if failure to discover the error constituted ineffective performance, it is unlikely that it prejudiced appellant under all the facts and circumstances of this case. First, the jury had the tape and could hear whose voice actually was on the tape. Second, the jury was presented with ample evidence showing that the conversation did not involve appellant. On cross-examination, for example, Seek was asked whether he had spoken to appellant after February 6, 1990. He stated that he never spoke to him after that date. See R. Vol. XIX at 1970. Seek stated that from the time appellant was arrested in February 1990 until the date of trial, he never heard from appellant at all. See id. at 1971.

Moreover, the government made no argument at closing that appellant took any actions in furtherance of the conspiracy after February 1990. Rather, it argued that Peter Irelan and Nelson Pedraza replaced appellant in the conspiracy

after appellant's arrest.    See id. Vol. XXII at 2351.  Under these circumstances, and given the ample evidence of appellant's guilt, there is not a reasonable probability that the outcome would have been different had appellant's counsel noticed the mistake in the phone logs.

The judgment of the United States District Court for the District of New Mexico is AFFIRMED.

Entered for the Court

Bobby R. Baldock
Circuit Judge