**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 30 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

SCOTTY M. SIMPSON,

Defendant-Appellant.

No. 01-6046 & 01-6166
(D.C. Nos. 00-CV-1083-L,
98-CR-162-L)
(W.D. Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **EBEL** , **KELLY** , and **BRISCOE** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of these appeals. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The cases are therefore ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

In case number 01-6046, Scotty M. Simpson appeals from the denial of his motion for post-conviction relief brought under 28 U.S.C. § 2255; in case number 01-6166, he appeals from the district court's order denying a certificate of appealability ("COA"). We have consolidated the two cases for procedural purposes, and because Mr. Simpson has not made "a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2)," *Fisher v. Gibson*, 262 F.3d 1135, 1142 (10th Cir. 2001) (quotation omitted), we deny his request for a COA and dismiss the appeals.

Mr. Simpson, who is a member of the Ponca Indian Tribe, owned "smoke shops" that he maintains were located within the jurisdiction of the Ponca Tribe. In 1998, the Bureau of Alcohol, Tobacco and Firearms executed a federal search warrant at Mr. Simpson's residence (located next door to one of the smoke shops) based on alleged violations of the Contraband Cigarette Trafficking Act ("CCTA"), 18 U.S.C. §§ 2341-2346. During the search, officers seized at least one semiautomatic rifle and boxes of ammunition. Mr. Simpson, who had a prior felony conviction, was then indicted and prosecuted for violation of 18 U.S.C. § 922(g)(1) (felon in possession of a firearm).

Mr. Simpson's counsel filed a motion in limine raising the defense of "public necessity" and a motion to suppress evidence based on alleged Fourth Amendment violations, which were set for hearing the day jury selection for his

trial was to begin. Before the hearings commenced, Mr. Simpson notified the court that he wished to change his plea to guilty. *See* R. Doc. 35. In exchange for his plea and cooperation in other investigations regarding the transportation and sale of unstamped cigarettes, the government agreed not to prosecute him for any criminal violations under the CCTA and to provide the sentencing court with a memorandum outlining the extent of his cooperation so that he could obtain a sentencing reduction. *See id.* Doc. 39, at 2-3, 6. The court granted Mr. Simpson's request for a two-level downward departure for acceptance of responsibility in light of his cooperation and actions after pleading guilty.

Mr. Simpson raises seven issues on appeal. The first six advance substantive claims related to jurisdiction, to the indictment, and/or to events allegedly occurring before he pleaded guilty: (1) the government lacked subject matter jurisdiction to prosecute him because it did not obtain consent to do so from the Ponca Tribe, he was prosecuted in violation of 18 U.S.C. § 3559(c)(6), and federal laws do not extend to Indian Country; (2) the indictment failed to state the essential element that he is a Ponca tribal member in Indian Country; (3) the Assistant United States Attorney who prosecuted him violated his due process rights by falsely threatening to indict his wife for violation of the CCTA if he did not plead guilty to the firearm charge; (4) the prosecutor selectively targeted and prosecuted Indian smoke shop owners for cigarette tax violations

-3-

contrary to his right to equal protection; (5) the search warrants and affidavits were insufficient and contained lies and omissions; and (6) the government violated the Ponca Tribe's sovereignty by serving search warrants and arresting tribal members on Indian lands.

He also claims that he received ineffective assistance of counsel, both pretrial and at sentencing. He claims that pretrial assistance was ineffective because (a) counsel failed to adequately research Indian law and federal jurisdiction over tribal members in Indian Country; (b) counsel filed a petition for remission or mitigation of forfeited property instead of filing a motion for return of property under 18 U.S.C. § 41(e); (c) counsel failed to subpoena Mr. Simpson's family and friends, who were ready to testify about the total lack of law and order in the community where Mr. Simpson lived; (d) counsel failed to prepare for trial scheduled to begin on January 11, 1999; and (e) counsel coerced him into pleading guilty.

He claims that his counsel's post-conviction assistance was ineffective because (a) counsel failed to argue for a downward departure at sentencing on the basis that Ponca Indians living in the Carbon Black Indian community had no law and order and he needed a gun to protect his family; (b) counsel failed to impeach a government witness at the sentencing hearing; (c) counsel advised him incorrectly on acceptance of responsibility; (d) counsel failed to argue that a rifle

-4-

found at his home was not an assault rifle; and (e) counsel failed to file his direct appeal.

We have carefully reviewed the record, the applicable law, and Mr. Simpson's contentions on appeal. For substantially the same reasons stated in the district court's order filed January 19, 2001, we reject Mr. Simpson's arguments related to his conviction and guilty plea, including his jurisdictional arguments. *See also United States v. Sands*, 968 F.2d 1058, 1060-61 (10th Cir. 1992) (affirming federal convictions of Creek Indian after guilty plea to violation of § 922(g) while in Indian Country and holding that United States had jurisdiction to prosecute); *United States v. Baker*, 63 F.3d 1478, 1485 (9th Cir. 1995) (holding that CCTA applies to Indians selling or possessing unstamped cigarettes on Indian lands notwithstanding treaty); *United States v. Wright*, 43 F.3d 491, 494 (10th Cir. 1994) (holding that guilty plea waives all non-jurisdictional defenses, including due process claims); *United States v. Davis*, 900 F.2d 1524, 1525-26 (10th Cir. 1990) (holding that an unconditional guilty plea waives Fourth Amendment claims).

Further, when a petitioner "fails to raise an issue on direct appeal, he is barred from raising the issue in a § 2255 proceeding, unless he establishes either cause excusing the procedural default and prejudice resulting from the error or a fundamental miscarriage of justice if the claim is not considered." *United States*

*v. Cox*, 83 F.3d 336, 341 (10th Cir. 1996). Mr. Simpson admits that he was a felon who possessed a firearm and his defense of necessity was waived by his unconditional guilty plea. He has not made a colorable showing of factual innocence, and thus cannot establish a fundamental miscarriage of justice. *See id.* at 341.

We also reject Mr. Simpson's claims of ineffective assistance of counsel for substantially the same reasons stated by the district court. In addition, we note that Mr. Simpson's claims of ineffectiveness not specifically addressed by the district court are either irrelevant to his conviction and sentence or substantively meritless. For example, a petition for remission of forfeited property is the same as a motion under 18 U.S.C. § 41(e) for return of property and does not relate to guilt, innocence, or sentencing and therefore is irrelevant to his § 2255 motion. There is no need to subpoena defense witnesses who are willing to appear at trial without a subpoena, and his claim that counsel was not ready for trial on January 11 is conclusory and irrelevant since trial ultimately was set for January 25. Arguments based on his necessity defense that was rendered moot by his guilty plea were not relevant to sentencing, and his claim that the government's sentencing witness may have received some benefit for testifying is conclusory. Counsel's advice that, if he proceeded to trial, he would not receive a two-point reduction for acceptance of responsibility was not

incorrect, and Mr. Simpson in fact received the reduction because of his guilty plea and cooperation. Whether the rifle he possessed was an assault rifle was irrelevant because no enhancements were added at sentencing for the type of firearm possessed. Finally, because Mr. Simpson agreed to an unconditional guilty plea, there was no basis for filing a direct appeal. Because Mr. Simpson has not made a substantial showing of the denial of a constitutional right, we DENY his request for a COA and DISMISS his appeals. Appellant's Motion to Amend Certificate of Appealability is GRANTED.

Entered for the Court


David M. Ebel
Circuit Judge